216 So.2d 327 (1968)
Emma Joy DUPRE, Plaintiff-Appellee,
v.
Hartman GUILLORY, Defendant-Appellant.
No. 2501.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
Paul C. Tate, Mamou, for defendant-appellant.
Fusilier, Pucheu & Soileau, by J. Wendell Fusilier, Ville Platte, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This matter is on appeal by Hartman Guillory from a judgment of the district court maintaining an exception to the jurisdiction on behalf of Emma Joy Dupre. The facts are not in dispute, and we have only a legal question for determination in the instant case.
Emma Joy Dupre filed the original suit herein against defendant, Hartman Guillory, in Evangeline Parish, Louisiana, entitled, "Emma Joy Dupre v. Hartman Guillory", bearing civil docket number 17,519, wherein she asked for a divorce, custody of the children born of the marriage, and alimony. After a hearing judgment was rendered in favor of Emma Joy Dupre on January 15, 1965, granting her a divorce from her husband, granting her custody of the children born of the marriage with rights of visitation of the husband, and also granting her alimony for herself and *328 her minor children in the sum of $125.00 per month.
After the judgment of divorce was granted, Emma Joy Dupre remarried and moved to the State of Illinois where she is presently residing.
In the petition filed by Hartman Guillory in suit number 17,519, which is presently before this Court for consideration, he, as plaintiff, prayed for a reduction in the alimony payments set forth, a reopening of the matter of custody of the children born of the union between the parties, and also prayed for the appointment of an attorney to represent his non-resident ex-wife. The request was granted by the trial judge by written order. Counsel for the non-resident wife filed an exception ratione personae over the person of Emma Joy Dupre, and also an exception as to the venue of the Evangeline Parish Court over the subject matter.
After a hearing, the district judge maintained the exception of jurisdiction and dismissed the suit. This appeal followed. On appeal the question of custody has been abandoned by counsel for Hartman Guillory.
The legal question posed in the instant case appear to be res nova in Louisiana. The general rule of law on the subject is found at 62 A.L.R.2d 544, Section 2(a), which states:
"Where a proceeding for modification of an award of alimony or child support in a matrimonial action is permissible as a mere continuation of the original proceeding in which the award was rendered, it has been universally held that, as against a party over whom the court had personal jurisdiction in the original proceeding in which the award was made, the court's power to modify the award may be exercised upon reasonable notice other than personal service within the court's jurisdiction, even though the person notified is a nonresident at that time. * * *."
This Court is of the opinion that the Thirteenth Judicial District Court for the Parish of Evangeline, Louisiana, is the proper court to determine whether the alimony award should be modified in the instant case.
For the reasons assigned the judgment of the district court is reversed, and the case is remanded for further proceedings to determine whether the judgment rendered by it on January 15, 1965, should be modified insofar as the alimony granted therein is concerned.
Costs to await final determination of the matter.
Reversed and remanded.