BARNETTE, Judge.
This is an appeal from a judgment awarding plaintiff, June Hockwald de La-vergne, alimony pendente lite in the amount of $600 per month against her husband, Jacques de Bony de Lavergne.
On November 8, 1967, plaintiff filed suit for separation against her husband alleging abandonment as the ground for separation and further praying, inter alia, for alimony pendente lite. She alleged that they were married in Mississippi in 1953 and immediately established their matrimonial domicile in New Orleans and that the matrimonial domicile has remained in Orleans Parish since that time. She also alleged that her husband “ * * * is currently residing somewhere in France.” She alleged that defendant abandoned the matrimonial domicile “ * * * and has indicated his unwillingness to return to same.” A curator ad hoc was appointed to represent the husband in these proceedings.
On November 17, 1967, the curator ad hoc filed an exception of lack of jurisdiction over the person of defendant to enforce alimony payment alleging the defendant was not domiciled within the State, and therefore under the authority of Broussard v. Domingue, 146 So.2d 445 (La.App. 3d Cir. 1962), he could not be held personally liable for payment of alimony pendente lite.
The exception to jurisdiction over the person was overruled, but on December 14 that ruling was recalled and vacated and the appointment of the curator ad hoc was reinstated. Further hearing on the exception was set for December 22.
In the meantime, a petition was filed by plaintiff on November 22 for a nonresident writ of attachment, but the order was not signed. On December 20, another petition for nonresident writ of attachment against the property of defendant situated within the jurisdiction of the court was filed. Pursuant thereto the following order was signed:
“Let a Writ of Non-Resident Attachment issue herein as prayed for, upon plaintiff giving bond, with good and solvent surety in the amount of $250.00 and conditioned as the law directs.”
On December 29 the curator ad hoc appointed by the court to represent the absent defendant in the initial proceeding filed a motion on behalf of defendant to dissolve the writ of attachment. The writ was attacked on the ground that the order failed to appoint a curator ad hoc to represent the absent defendant in the attachment proceeding, citing LSA-C.C.P. art. 2674. He further attacked the writ of attachment as being premature; that is, prior to determination of the right of plaintiff to alimony pendente lite and further for the alleged want of procedural authority in law for attachment in a proceeding of this kind.
On January 12, 1968, a hearing was held on all matters more particularly, the motion to dissolve the writ of attachment, the exception to personal jurisdiction, and the rule for alimony pendente lite. It is asserted that the trial judge, in response to the curator’s charge of invalidity resulting from failure of the order to appoint an attorney at law to represent the absent defendant in the attachment proceeding, allowed an oral amendment to plaintiff’s petition and made oral appointment of the curator ad hoc initially appointed in the separation proceeding. We do not find a min *151 ute entry supporting this assertion. We find in the record, however, a written order of such appointment dated January 12, 1968. At any rate, the hearing was held on that date and the motion to dissolve the writ of attachment was overruled. The exception to personal jurisdiction was maintained and a judgment for alimony pendente lite in favor of plaintiff in the amount of $600 per month was granted “ * * * payable only out of the property of Jacques de Bony de Lavergne which has been seized or shall be seized under the non-resident writ of attachment.” It is from this judgment that the curator ad hoc, on behalf of defendant, has appealed. The plaintiff did not appeal that portion of the judgment which maintained the exception to personal jurisdiction in favor of defendant.
It should he recalled that plaintiff alleged in her initial petition that the matrimonial domicile is in Orleans Parish. If by this allegation she means to contend that, notwithstanding defendant’s residence in France, his legal domicile remains in Orleans Parish, she has contradicted such assumption by petitioning the court for a nonresident writ of attachment. LSA-C.C.P. art. 6 provides in pertinent part:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
% $C % ifi Jfi ifi
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state * (Emphasis added.)
Therefore if defendant is a domiciliary of Orleans Parish, personal jurisdiction could be obtained over him under the provisions of this article, and resort to an action in rem by attachment would not be necessary.
We had before us in the recent case of Puissegur v. Puissegur, 220 So.2d 547 (La.App. 4 Cir. decided March 3, 1969), a very similar situation to that presented in this case. In the Puissegur case the wife sought an alimony judgment against her husband residing in England. She also sought by means of a nonresident writ of attachment and garnishment thereunder to secure payment from her husband’s employer in New Orleans. The question there, as here, was whether a judgment for alimony is a money judgment which may be obtained against a nonresident defendant in an action commenced by attachment of his property in this State under the authority of LSA-C.C.P. art. 9.
We said in that case at p. 551:
“It is plaintiff’s position that LSA-C.C.P. art. 9 grants personal jurisdiction for the purposes of an alimony judgment against a non-resident not subject personally to the jurisdiction of the court if the action is commenced by an attachment of his property in this state. While this is an interesting argument we do not find that Article 9 supports this conclusion. The fallacy in the argument is quite simple. An alimony judgment itself while considered a money judgment is not one which on its face will support the execution of a writ of attachment. Not until the defendant in such a judgment has failed to pay in accordance with its terms and there has been an adjudication of a definite arrearage will such a writ be executory. Hence the nature of the simple alimony judgment itself takes it out of the scope of this article.”
The foregoing however may be considered as obiter dictum since our decision granting the right of the wife to an alimony judgment was based upon the fact that the husband was still domiciled in Orleans Parish, and under the provisions of LSA-C.C.P. art. 6, the court had jurisdiction to render a personal judgment against him upon service through an attorney at law appointed by the court to defend the action.
In this case the plaintiff did allege matrimonial domicile in Orleans Parish, but she *152 also alleged defendant had abandoned it with no intention to return. There is no evidence that he is a domiciliary of Louisiana. Furthermore, the question appears to have been foreclosed by the judgment of the trial court maintaining the exception to jurisdiction over the person of defendant, from which judgment the plaintiff did not appeal. Therefore, unlike in Puissegur, the right to a personal judgment for alimony cannot be maintained under LSA-C.C.P. art. 6. We must decide if the writ of attachment is valid, and if so, whether a judgment for alimony can be maintained under the authority of LSA-C.C.P. art. 9.
The plaintiff contends that her action for alimony pendente lite is an action for a money judgment and points to LSA-C.C.P. art. 3542 as authority for the issuance of a writ of attachment. Article 3542 is as follows:
“A writ of attachment may be obtained in any action for a money judgment, whether against a resident or a nonresident, regardless of the nature, character, or origin of the claim, whether it is for a certain or uncertain amount, and whether it is liquidated or unliquidated.”
We find also that LSA-C.C.P. art. 9 is relevant to the question presented here. That article reads:
“A court which is otherwise competent under the laws of this state has jurisdiction to render a money judgment against a nonresident not subject personally to the jurisdiction of the court only if the action is commenced by an attachment of his property in this state. Unless the nonresident subjects himself personally to the jurisdiction of the court, the judgment may be executed only against the property attached.”
There can be no question of the court’s jurisdiction of the action for separation from bed and board (LSA-C.C.P. art. 10) and of the validity of the appointment of an attorney at law to represent the nonresident defendant in that action (LSA-C.C.P. art. 5091). The defendant, however, contends that the appointment of the attorney at law for that action was limited to that purpose and does not constitute an appointment in connection with the subsequent petition for a writ of attachment.
Conceding that the court was competent, and under the authority of LSA-C.C.P. art. 9 and art. 5091 had jurisdiction in an action for a money judgment to issue a writ of attachment and to appoint an attorney at law to represent the absent defendant, the action should have been commenced by an attachment of the defendant’s property in this State. (LSA-C.C.P. art. 9)
 The plaintiff argues that her action for alimony pendente lite to be satisfied out of defendant’s property within the court’s jurisdiction was commenced by an attachment. The fallacy in that argument lies in the fact that an essential requisite to commencement of an action for nonresident attachment is the appointment of an attorney at law to represent the nonresident defendant in that (the in rem) action. The curator ad hoc, initially appointed in the separation proceeding, argues that since LSA-C.C.P. art. 5091 requires a “petition or ex parte written motion of plaintiff” (emphasis added), the order of appointment should likewise be in writing and that this requirement is not met by the prior written appointment of an attorney at law to represent the defendant in another, and essentially different, action. We think this argument has merit. We also think it is the intention of the law that insofar as the proceeding for attachment is concerned, it is in the nature of a separate proceeding in rem and must be instituted in strict conformity with the codal provisions.
The belated attempt to rectify the omission by the appointment of the same attorney at law who previously had been appointed in the separation suit, whether by oral or written order, on the day the rule for alimony pendente lite and the motion to dissolve the writ of attachment were *153 called for hearing and actually were heard and decided, does not meet the requirements of due process of law.
An attachment proceeding is a drastic remedy by its very nature. It is a means by which one’s property is seized and subjected to the possibility of loss in whole or part. It is so fundamental a principle of law as to require no citation of authority that one cannot be deprived of his property without due process of law. Due process, then, is a very essential element and requires a strict interpretation and rigid application of the requirements of law in a light most favorable to him whose property is subjected to such drastic action.
We therefore hold that the judgment denying the motion to dissolve the writ of attachment and granting judgment for alimony pendente lite, based on the writ of attachment and ordering its payment out of the proceeds of the property seized, was in error and must be set aside. This, however, should be without prejudice to any party to the proceeding so as not to preclude a proper action according to law.
Having so held, it is not necessary for us to consider further the question whether plaintiff’s suit for alimony is such an action for a money judgment against a nonresident defendant as contemplated by LSA-C.C.P. art. 9, and that question is expressly pretermitted.
For these reasons it is ordered, adjudged and decreed that the judgment appealed from, more particularly, the judgment rendered, read and signed on January 22, 1968, insofar as same denied the motion by Henry J. Roberts, Jr., curator ad hoc for Jacques de Bony de Lavergne to dissolve the writ of attachment, and granted to plaintiff, June Hockwald de Lavergne, alimony pendente lite in the amount of $600 per month payable out of the property seized or which shall be seized under the writ of attachment, is annulled, and the motion to dissolve the writ of attachment is now maintained and said writ of attachment is hereby dissolved, all without prejudice.
All costs of court shall await final judgment herein.
Judgment annulled.