240 So.2d 13 (1970)
John Woodward CARPENTER, Plaintiff-Appellant,
v.
Georgia Antoine CARPENTER, Defendant-Appellee.
No. 11468.
Court of Appeal of Louisiana, Second Circuit.
September 15, 1970.
Stagg, Cady & Beard, by Roy L. Beard, Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan & Love, by Samuel P. Love, Jr., Shreveport, for defendant-appellee.
Before AYRES, BOLIN, and PRICE, JJ.
AYRES, Judge.
This is an action by a father for modification of a judgment for child support. From a judgment maintaining a declinatory exception and plea to the jurisdiction of the court, plaintiff appealed.
The question presented is whether or not, as against a party over whom the court had personal jurisdiction in an original proceeding in which an award was made for child support, the court's power to modify the award may be exercised though *14 the defendant in whose favor the award was made is a nonresident at the time the action for modification is instituted.
The record discloses that on February 14, 1963, plaintiff, John Woodward Carpenter, was granted a divorce from his wife, Georgia Antoine Carpenter, in the First Judicial District Court for the Parish of Caddo, State of Louisiana. Mrs. Carpenter was, however, granted the custody of three minor children, except as to the two oldest during the months of July and August of each year when their custody was awarded to plaintiff, their father. Usual rights of visitation at reasonable times and places were recognized when custody was in the other party.
The judgment further provided that plaintiff pay child support in the sum of $200 per month. Mrs. Carpenter had remarried prior to the filing on May 27, 1969, of plaintiff's petition for modification of the judgment as to the support of the minors. Moreover, in the meantime, Mrs. Carpenter, with her children and her present husband, Hugh Griffin, the alleged corespondent in the original divorce proceedings had moved to Brentwood, Tennessee, where she is allegedly presently residing. Thereupon, on a showing that the defendant was a nonresident, a curator ad hoc was appointed to represent her. The curator filed a declinatory exception to the sufficiency of citation and to the jurisdiction of the court ratione personae. The latter plea was sustained and this appeal followed.
In sustaining the plea to the jurisdiction, the trial court relied upon the case of Nowlin v. McGee, 180 So.2d 72 (La.App., 2d Cir. 1965writs refused). This case, however, dealt exclusively with the question of custody; there was no claim with respect to a modification of the judgment so far as concerned child support. In Dupre v. Guillory, 216 So.2d 327 (La.App., 3d Cir. 1968), under a state of facts similar to those of the instant case, the question of child support was presented to the court. There the trial court sustained a plea to the jurisdiction and dismissed the suit. The Court of Appeal reversed the judgment declaring:
"The legal question posed in the instant case appear [sic] to be res nova in Louisiana. The general rule of law on the subject is found at 62 A.L.R.2d 544, Section 2(a), which states:
"`Where a proceeding for modification of an award of alimony or child support in a matrimonial action is permissible as a mere continuation of the original proceeding in which the award was rendered, it has been universally held that, as against a party over whom the court had personal jurisdiction in the original proceeding in which the award was made, the court's power to modify the award may be exercised upon reasonable notice other than personal service within the court's jurisdiction, even though the person notified is a nonresident at that time. * * *.'" 216 So.2d 327, 328.
The court then expressed the opinion that the district court in which the proceedings were first had was the proper court to determine whether the alimony award should be modified, though the mother who had been awarded custody of the children had remarried and moved to the State of Illinois.
The Nowlin and Dupre cases are distinguishable in that the first concerns a custody matter and the second a continuance or modification of an award of child support. The holding in the Dupre case is, in our opinion, correct and should be followed. This was the holding of this court in denying an application for writs in Street v. Street, bearing No. 11399 of the docket of this court, and in which writs were also denied by the Supreme Court, 255 La. 163, 229 So.2d 737 (1970).
For the reasons assigned, the judgment appealed is reversed, the plea to the jurisdiction of the court is overruled, and the case is remanded to the Honorable, the *15 First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
The assessment of costs is to await final determination of this cause.
Reversed and remanded.