BARNETTE, Judge.
The present appeals are by the defendant, Jacques de Bony de Lavergne, who appeals through a curator ad hoc from a judgment of $600 per month alimony in favor of his wife, June Hockwald de Lav-ergne, and from a judgment making execu-tory the past due payments in the sum of $5,400 obtained through attachment proceedings and limited to payment out of the property attached, namely, a trust fund. The trustees of the trust fund have also appealed from the alimony judgment based on the nonresident writ of attachment, insofar as their motion to dissolve the writ of attachment was overruled and the attachment and writs incident thereto maintained.
This case was before us on an earlier appeal and the statement of the case in our opinion reported in La.App., 224 So.2d 149 (1969) need not be repeated here. Reference may be had to that opinion since the issues presented on this appeal are a sequel to our decision on that appeal.
On the first appeal we annulled a judgment in favor of the plaintiff wife, rendered January 22, 1967, for alimony pen-dente lite in the amount of $600 per month payable out of the trust fund seized under a writ of attachment. The motion to dissolve the writ was maintained and the attachment dissolved without prejudice. Rehearing was denied by us on July 7, 1969. On July 16, the petitioner instituted this proceeding and has sought to avoid the procedural errors which we found in the first proceeding.
With respect to the alimony pendente lite issue the trial court judge has reduced his findings of fact and reasons for judgment to a concise statement as follows:
“FINDINGS OF FACT:
The Court finds the following to be established by the evidence received.
*700 (1). June Hockwald de Lavergne received a judgment in her favor and against her husband, Jacques De Bony de Lavergne dated May 20, 1968, decreeing a separation ‘a mensa et thoro’.
(2). Defendant in Rule Jacques de Bony de Lavergne, has removed himself from the State of Louisiana to the Nation of France where he has been residing since abandoning Mover on or about October 23, 1967.
(3). Defendant in Rule has no duly appointed agent for service of process within the State of Louisiana.
(4). Defendant in Rule owns movable and immovable property situated within the State of Louisiana and within the jurisdiction of this Court.
(5). Defendant in Rule is a nonresident of the State of Louisiana within the La. C.C.P. Arts. 9 and 3541(5).
(6). Defendant in Rule left outstanding community debts of approximately $2600.00.
(7). Mover has accummulated debts and unpaid obligations arising out of living expenses since the separation of $1207.00.
(8). Mover only earns a gross salary of $263.00 per month.
(9). Mover is in necessitous circumstances and is unable to meet her present accrued obligations nor is she able to support herself in the manner provided by her husband before the separation.
(10). A valid writ of nonresident attachment has issued herein pursuant to La.C.C.P. Arts. 9, 3541, 3542 and 3543, etc.
(11). This Court has in rem jurisdiction over defendant in Rule for the purpose of awarding an alimony pendente lite judgment against him.
(12).. Mover has demonstrated her need for alimony pendente lite in the sum of $600.00 per month.
(13). Defendant in Rule owns a beneficiary interest in ‘the de Bony-de la Vergne Trust’.
REASONS FOR JUDGMENT:
The procedural requirements set out in La.C.C.P. Art. 5091 have been complied with, the evidence discloses the defendant in Rule to be a nonresident and he owns property within this State and within the jurisdiction of this Court. The procedural requirements of due process have been met as outlined in de Lavergne vs. de Lavergne, 224 So.2d 149 (La.App.1969).
An alimony rule in an in rem proceeding commenced by writ of nonresident attachment pursuant to La.C.C.P. Art. 5091 against a nonresident with property within the jurisdiction of the Court authorized by La.C.C.P. 3542, which provides :
Art. 3542. ‘Actions in which attachment can issue
A writ of attachment may be obtained in any action for a money judgment, whether against a resident or a nonresident, regardless of the nature, character, or origin of the claim, whether it is for a certain or uncertain amount, and whether it is liquidated or unliquidated.’
The remedy sought is a money judgment on an unliquidated claim for support from a husband who would otherwise be able to escape his clear responsibility as defined in La.C.C. Art. 148.
Accordingly, there will be judgment rendered herein in favor of June Hock-wald, wife of Jacques De Bony de Lav-ergne and against Jacques De Bony de Lavergne awarding her alimony pen-dente lite in the amount of Six Hundred and no cents ($600.00) Dollars per month.
The exception of vagueness will be overruled.
*701 The exception of no cause of action filed by the Curator-ad-Hoc will be overruled.”
With respect to the motion to dissolve the writ of attachment he gave the following findings of fact and reasons for judgment:
“The Court finds the following to be fact, relative to the Motion to dissolve the non-resident writ of attachment and writs of fieri facias and to quash interrogatories, etc., filed herein by the Trustees of ‘The De Bony-de la Vergne Trust’.
(1) That the notice of seizure of the interest of Jacques De Bony de Lavergne in said trust under a non-resident writ of attachment, the notice of seizure of the interest of Jacques De Bony de Lav-ergne in said trust under one or more writs of fieri facias, and any interrogatories issues under one or more writs of fieri facias which were issued prior to the judgment of the Court of Appeal of Louisiana, Fourth Circuit, on June 2, 1969, were annulled when the said Court of Appeal annulled the judgment of May 20, 1969. Accordingly, they were dissolved by operation of law without the necessity of further proceedings by the Trustees.
(2) That the non-resident writ of attachment subsequently issued in these proceedings on July 16, 1969, was providently issued according to law for the reasons set forth in the Judgment granting an in rem alimony pendente lite award to June Hockwald de Lavergne.
(3) Jacques De Bony de Lavergne is a non-resident of the State of Louisiana, as has been previously ruled by this Court in the judgment maintaining the exception to jurisdiction over the person of the defendant, from which judgment the plaintiff did not appeal, and has been further foreclosed by the decision of the Court of Appeal of Louisiana, Fourth Circuit, rendered on June 2, 1969.
(4) That the plaintiff commenced the in rem alimony pendente lite action by the issuance of a lawful writ of non-resident attachment, and the appointment of a Curator ad Hoc to represent the absent defendant in the attachment proceedings and the in rem alimony proceedings.
(5) That Jacques De Bony de Lavergne has an interest in ‘The De Bony-de la Vergne Trust’.
REASONS FOR JUDGMENT
LSA-C.C.P., Article 9, gives the Court jurisdiction to render a money judgment against a nonresident not subject personally to the jurisdiction of the Court if the action is commenced by an attachment of this property in this State. The Court of Appeal has previously ruled in this case (de Lavergne vs. de Lavergne, 224 So.2d 149) that a proceeding for attachment is in the nature of a separate proceeding in rem. On July 16, 1969, the plaintiff filed a rule for alimony pendente lite, which was an in rem action, and at that time, commenced that in rem action by the issuance of a non-resident writ of attachment and had a Curator ad Hoc appointed to represent the absent defendant. As the Court of Appeal has ruled that this is a separate proceeding, said proceeding was commenced according to law.
Intervenor has urged that an alimony pendente lite award is not a money judgment within the contemplation of Article 9 of the Louisiana Code of Civil Procedure. The Court finds that LSA-C.C.P. Article 3542 is relevant to this question. Said Article provides as follows:
‘A writ of attachment may be obtained in any action for a money judgment, whether against a resident or a nonresident, regardless of the nature, character, or origin of the claim, whether it is for a certain or uncertain amount, and whether it is liquidated or unliquidated.’
*702 It seems apparent to the Court that an alimony judgment is a money judgment within the contemplation of Article 9 of the Louisiana Code of Civil Procedure.
As the Court has ruled that the writ of nonresident attachment was properly issued, and as the Court has found that the defendant, Jacques De Bony de Lav-ergne, has an interest in ‘The De Bony-de la Vergne Trust’, the Court, therefore, finds that the plaintiff has set forth a legal basis for the information requested, and the intervenor’s objection on this ground is without basis.
The Court is also bound by LSA-R.S. 9:2005, which provides that the Court may permit seizure of any portion of the beneficiary’s interest in trust and, in principal and his discretion if the claim is based upon a judgment for, among other things, alimony or maintenance of a person whom the beneficiary is obligated to support. If this interest can be seized, it is subject to attachment by a nonresident writ for same.”
The facts as found by the trial judge are amply supported by the record and there is no error therein. His findings with respect to the legal issues indicate the principal issues on appeal, and we will now address ourselves to those issues.
Several alleged errors in the trial court’s judgment are assigned by appellants, a principal one being its holding valid the issuance of a writ of attachment. The appellant trustees contend that the writ was improperly “issued against a non-resident absentee not subject to the personal jurisdiction of the court” in a proceeding by rule for alimony incident to a separation suit. The appellant husband contends that the writ should not have been issued “on the conflicting allegations of Article 5 of the plaintiff’s rule.” Citing Puissegur v. Puissegur, 220 So.2d 547 (La.App. 4th Cir. 1969). The plaintiff alleged in Article V as follows:
“That the status of the said Jacques De Bony De Lavergne, defendant herein, has not yet been determined, he being either an absentee from the State, domiciled in New Orleans, or a non-resident domiciled in some place other than Louisiana, his present whereabouts being unknown to petitioner, but, in any event, being absent from this State, and, as has been previously ruled by this Honorable Court, having no duly appointed agent for service of process within the State, but owning certain movable and immovable property situated within the jurisdiction of this Court, petitioner is, therefore, entitled to and desires the issuance of a writ of attachment against the defendant’s property in whatever hands it may be found * *
The point of contention by the appellant trustees is clear but we fail to see the point which the court-appointed attorney for the defendant husband seeks to make. We find nothing “conflicting” in plaintiff’s allegations in Article V. The most that can be said is that she did not specifically allege that the defendant is not a domiciliary of Louisiana and her allegations are somewhat equivocal. If she had alleged his domicile in this State, then LSA-C.C.P. art. 6 would apply as in Puissegur and a resort to attachment under LSA-C.C.P.' art. 9 would not have been necessary. But this does not seem to be the point of the contention because the attorney for the husband says in his brief in this court:
“ * * * [Pjlaintiff has never contended that the defendant was domiciled in the State of Louisiana; she has at all times maintained that the matrimonial domicile was in the State of Louisiana, but that the defendant was a non-domiciliary absentee, living in France and the record in the prior trial shows him domiciled in and residing in France. He is a non-resident of the State of Louisiana, with no domicile here. This present record does not dispute that fact.
*703 Therefore, defendant contends that Article 9 is not applicable, as the alimony award is not a money judgment. Even if the Court should find that the plaintiff had proceeded correctly, still the judgment is in error as an alimony award cannot be classed as a money judgment under the provisions of Article 9.”
Apparently his principal argument is that the proceeding is not one for a money judgment.
In our original opinion in this case we found as follows :
“In this case the plaintiff did allege matrimonial domicile in Orleans Parish, but she also alleged defendant had abandoned it with no intention to return. There is no evidence that he is a domiciliary of Louisiana. Furthermore, the question appears to have been foreclosed by the judgment of the trial court maintaining the exception to jurisdiction over the person of defendant, from which judgment the plaintiff did not appeal. Therefore, unlike in Puissegur, the right to a personal judgment for alimony cannot be maintained under LSA-C.C.P. art. 6. We must decide if the writ of attachment is valid, and if so, whether a judgment for alimony can be maintained under the authority of LSA-C.C.P. art. 9.” 224 So.2d at pp. 151-152.
In the first appeal the decisive question was the validity of the writ of attachment which we held invalid. The judgment based thereon was annulled, not because it was an improper procedure per se, but because the in rem action based on attachment was not initiated in strict compliance with the law relative to the timeliness of the appointment of the curator ad hoc to represent the nonresident defendant. The plaintiff has in this proceeding avoided the error which was fatal to the first proceeding.
The appellants now strenuously contend that the proceeding by rule for alimony incidental to a separation suit is not an action for a money judgment within the meaning of LSA-C.C.P. art. 3542, but is a proceeding for an order directing payment of alimony subject to penalty under contempt for failure to comply. They argue that a distinction must be made between a rule for an alimony order and an action for a money judgment. Predicated on this argument they contend that the judgment of February 24, 1970, on the rule ordering payment of $600 per month alimony based on the writ of attachment was contrary to law. We do not agree with appellants’ basic premise and hold that LSA-C.C.P. arts. 3542 and 9 are applicable.
In Puissegur we said in that portion of our opinion which may be considered obiter dictum:
“It is plaintiff’s position that LSA-C. C.P. art. 9 grants personal jurisdiction for the purposes of an alimony judgment against a non-resident not subject personally to the jurisdiction of the court if the action is commenced by an attachment of his property in this state. While this is an interesting argument we do not find that Article 9 supports this conclusion. The fallacy in the argument is quite simple. An alimony judgment itself while considered a money judgment is not one which on its face will slip port the execution of a writ of attachment. Not until the defendant in such a judgment has failed to pay in accordance with its terms and there has been an adjudication of a definite arrear-age will such a writ be executory. Hence the nature of the simple alimony judgment itself takes it out of the scope of this article.” (Emphasis added.) 220 So.2d at p. 551.
The appellants have seized upon the above-emphasized portion of our opinion in support of their argument here. We correctly said an alimony judgment is a money judgment but it will not support execution of a writ of attachment until after an adjudication of a definite arrearage. Our *704 statement that an action for an alimony judgment could not be commenced under the authority of LSA-C.C.P. art. 9 and is beyond the scope of that article was improvidently made and must now be corrected.
In this case there was a judgment on rule to make the past due alimony executo-ry fixing the arrearage at $5,400, but payable only out of the property seized. The defendant husband has appealed from this judgment in his supplemental appeal. The trustees are not parties to that appeal. The defendant-appellant’s principal argument on that appeal is that the judgment for the arrearage making it executory cannot be maintained because it is based on the February 24, 1970 judgment which he contends was illegal. The principal issue in both appeals, therefore, is the validity of the proceedings based upon a writ of attachment culminating in the February 24 judgment.
The rule for alimony pendente lite is incidental to the suit for separation from bed and board or divorce. LSA-C.C. art. 148. It may be demanded in the initial petition or at a later time. Conceivably, a wife may have sufficient income at the time the suit is initiated and be in necessitous circumstances later. In any event, though incidental to the main demand, it is in the nature of a separate action, but being an incidental question arising in the course of the litigation may be sought by rule. LSA-C.C.P. art. 2592. There can be no question of the court’s jurisdiction over the object of the suit. LSA-C.C.P. art. 10(7). The only question is its jurisdiction to render a money judgment against a nonresident not subject personally to the jurisdiction of the court. If the rule for alimony is construed as an action for a money judgment, the answer is found in LSA-C.C.P. art. 9.
A proceeding for alimony is a suit for judgment ordering the payment of money just as any other suit which has for its object the recovery of money in damages or in enforcement of any obligation to pay a sum of money whether liquidated or not. The difference is that in a judgment ordering the payment of a sum of money as alimony or for child support in addition to the ordinary remedies available to the judgment creditor for execution, there is the additional remedy of a contempt proceeding and the imposition of a penalty for noncompliance with the court’s order. We must reject the argument of appellants that the additional remedy makes the action something other than one for a money judgment.
The reason for making this additional remedy available to wives and children is too obvious to require discussion. It suffices to say that the obligation to wife and children is regarded as so compelling that those who owe the duty of support will not be permitted to avoid the responsibility if there is any means whatever available to make the payment ordered by the judgment. It would defeat the ends of justice and lead to absurd consequences to permit a nonresident husband whose property and funds in this State would be subject to attachment by ordinary creditors to avoid attachment by a wife for alimony or for support of children on some strained theory that an action for alimony or child support is not an action for money. Its being an action for a money judgment it may be commenced and pursued as an action in rem based upon an attachment of the defendant’s property. In doing so the plaintiff must proceed strictly in conformance with the procedural rules for attachment, which we said in our first opinion is a drastic remedy. We found on the first appeal that the procedural requirements had not been strictly followed. In this proceeding we find that they have been.
We find no error of law by the trial judge as stated in his reasons for judgment which we have included herein and now adopt as a part of this opinion.
The award of $600 per month is not excessive in view of the uncontradicted needs *705 of the wife and the husband’s means to pay.
For the foregoing reasons the judgments appealed from are both affirmed at appellants’ cost.
Affirmed.