BOUTALL, Judge
(dissenting).
I respectfully dissent.
The procedural aspects and facts of the case are basically set out in the majority opinion, and there is no necessity to repeat them in toto. However, there are several points of disagreement. The original suit was begun by Dr. Imperial filing a petition for custody of his two minor children against his former wife, who had their custody, and had been living in Louisiana *228 for at least three years prior thereto. An examination of that petition discloses that the facts upon which custody were sought had nothing to do with the former proceedings in Michigan, and that it was the environment of the children in Louisiana that was alleged as the basis for custody. The Answer and Reconventional Demand filed by the mother, and the resulting judgment in her favor, disclosed that the judgment of custody obtained was not simply a recognition of the Michigan judgment, but was indeed a judgment of the Louisiana Court, which had jurisdiction over the matter because of the long time residence of the mother and the children in Louisiana. C.C.P. Art. 10(5) grants to the Louisiana Court jurisdiction of a proceeding to obtain the legal custody of a minor when he is domiciled in this State.
The judgment of custody rendered on February 26, 1968 rejected the plaintiff’s demand for custody, and granted judgment of custody in favor of the defendant subject to plaintiff’s right to exercise reasonable visits with the children in New Orleans and fixed the sum of $130.00 bi-weekly as child support. It also decreed a money judgment for past due child support in the amount of $3,520.00 on the basis of a prior executory judgment of the Michigan Court. Except for this latter portion of the judgment, nowhere in the judgment does the court indicate that it was simply recognizing a Michigan judgment. The court had full jurisdiction to determine the best interest of the minors and adjudicate custody, and it did so without qualification. As long as these children remain within the State of Louisiana, their custody is controlled by the effect of this judgment, and ancillary to the award of custody, was an award of child support.
A judgment awarding custody between parents is not an irrevocable judgment, but it can always be attacked by either of the parents whenever there is a change in situation, or the welfare of the children demands it. Child support was fixed incidental to the judgment of custody, and it too is always subject to change depending upon circumstances. Because of the legal obligation of a parent to support his children, and because a court which awards custody has the obligation of insuring the best interest of the children, that court must continue to have the power to provide for the proper support of the children as long as the children remain within its jurisdiction. While a court which has jurisdiction over the status involved (C.C.P. Article 10 Sec. 5) may achieve valid process over an absent defendant under the provisions of C. C.P. Article 5091, this court has acquired personal jurisdiction over Dr. Imperial by his general appearance in the case. C.C.P. Article 7 provides that with certain exceptions, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto, when, either personally or through counsel, he seeks any relief other than specifically mentioned. In this case, Dr. Imperial appeared as plaintiff and actually brought on the custody proceedings by filing his petition for same, and submitted himself to the reconventional demand of custody and child support. While it cannot be validly contended that such submission to the jurisdiction has granted Louisiana Courts jurisdiction over Dr. Imperial forever and for all purposes, it is validly contended that such submission has granted the Louisiana Court jurisdiction over those matters adjudicated herein, that is, custody and child support.
This is not a novel proposition. Our appellate courts on two occasions have similarly held that the court awarding child support retained jurisdiction over a question of modification of the award. I refer to the cases of Carpenter v. Carpenter, 240 So.2d 13 (La.App.2nd Cir. 1970), and Dupre v. Guillory, 216 So.2d 327 (La.App. 3rd Cir. 1968). In each of those cases it was held that a father who was subject to an award of child support might validly proceed to seek modification of the award in that forum, although the children and their mother had moved outside the State. If the father is permitted to bring a pro *229 ceeding to modify the child support award when the children are without the State, certainly the mother should be permitted to bring a proceeding to modify the child support award when the children are within the State. In my opinion, the holding of the majority of this Court is in direct conflict with the decisions in those cases with the result that, unless corrected, we shall have two rules, one granting continued jurisdiction when the parent without custody sues, and the other denying continued jurisdiction when the parent with custody sues.
I am of the opinion the jurisdiction of the Court is firmly based on C.C.P. Art. 10(5), jurisdiction of the status, and C.C.P. Art. 7, personal appearance by filing petition and responding to reconventional demand. There is an issue of sufficiency of service and other issues presented in this case for our consideration, however because of the majority opinion, a discussion of those issues here would be something less than obiter dictum. I am of the opinion that the trial Court continues to have jurisdiction over the matter of child support, and I respectfully dissent.