288 So.2d 694 (1974)
Susan HARRISON, wife of Kermit Zachary ANTHONY, Jr.
v.
Kermit Zachary ANTHONY, Jr.
No. 5973.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Rehearing Denied February 6, 1974.
*695 Henican, James & Cleveland, C. Ellis Henican, New Orleans, for plaintiff-appellant.
Benjamin E. Loup, New Orleans, curator ad hoc for defendant-appellee.
Before BOUTALL and SCHOTT, JJ., and BAILES, J. Pro Tem.
SCHOTT, Judge.
This action commenced at the parish of the matrimonial domicile with a suit for separation from bed and board by the wife on June 7, 1971. Defendant was served in person with the petition and citation. A default judgment was taken in which plaintiff was granted a separation and the temporary custody of her two minor children, and defendant was condemned to pay $300 per month as alimony pendente lite. On October 11, 1972, the wife sued for a divorce pursuant to LSA-R.S. 9:302. She alleged that defendant had by then permanently left the State of Louisiana and resided in Mississippi. The proceedings were then handled contradictorily with a curator ad hoc appointed by the trial judge. On February 27, 1973, a judgment of divorce was obtained together with permanent custody to the wife of the minor children and a continuation of alimony in the sum of $300 per month. On May 9, 1973, the wife filed a rule against the husband to show cause why she should not obtain a judgment for past due and unpaid alimony under both of the aforesaid judgments and effected service on him through the curator ad hoc. The curator filed an exception to the jurisdiction over the property and person of the absent defendant. At the trial of the exceptions it was stipulated that the rule to make alimony executory would be limited to the alimony which accrued up to the effective date of the judgment of divorce on February 27, 1973. The trial court maintained the exception to the jurisdiction over the property and person of the absent defendant and dismissed the rule of the wife to make the past due alimony pendente lite executory. From this judgment the wife has appealed.
The wife relies on the doctrine that once a court obtains jurisdiction over a person or a thing that jurisdiction is not defeated by the removal of the person or thing from the court's jurisdiction. Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890; Wheeler v. Wheeler, 184 La. 689, 167 So. 191. She also relies on the proposition *696 that once a court acquires jurisdiction over the parties to a separation or divorce it continues to have jurisdiction over all matters incidental thereto. Pattison v. Pattison, 208 So.2d 395 (La.App.4th Cir. 1968); Carpenter v. Carpenter, 240 So.2d 13 (La. App.2nd Cir. 1970); Dupre v. Guillory, 216 So.2d 327 (La.App.3rd Cir. 1968). She argues that this jurisprudence is applicable because her action to make past due alimony pendente lite executory is incidental to the judgment of separation; that since the trial court had jurisdiction over the husband based upon personal service at the time of the institution of the separation proceedings the court maintains jurisdiction for the purpose which she now seeks to accomplish.
The curator's reply is that the action to make past due alimony executory is in the nature of a money judgment and pursuant to LSA-C.C.P. Arts. 6 and 9 the court does not have jurisdiction against a non-resident on whom no personal service has been made or whose property has not been subjected to attachment. He cites de Lavergne v. de Lavergne, 244 So.2d 698 (La. App.4th Cir. 1971) as authority for the proposition that the wife's action here is designed to obtain a money judgment and consequently the provisions of the cited articles of the Code of Civil Procedure are applicable.
There is a fundamental difference between the de Lavergne case and the instant case in that the wife in de Lavergne was attempting to obtain an initial judgment for alimony at so much per month, and as a basis for jurisdiction she attached a property of the husband. This Court held that the wife's suit for the alimony was a claim for a money judgment and therefore implemented the provisions of LSA-C.C.P. Art. 9. But in the instant case the wife already has a judgment for alimony at $300 per month based upon personal service on the husband. She is not now seeking a new judgment but is only seeking to make executory the past due payments of alimony.
We find only one reported decision in which this question was presented, Smith v. Smith, 257 So.2d 446 (La.App.1st Cir. 1972). There the court treated such an action to make past due alimony executory as an attempt to obtain a money judgment and held that personal service or attachment of defendant's property was necessary under LSA-C.C.P. Arts. 6 and 9. That Court rejected the theory that the action to make past due alimony executory was incidental to the original divorce proceedings and affirmed The Family Court's maintenance of an exception to the jurisdiction over the person of the non-resident defendant.
We do not adhere to those views and find that the case of Williams v. Williams, 211 La. 939, 31 So.2d 170, is dispositive of the issue in this case. There the Court said:
"Counsel are mistaken in their conception of the nature of the proceeding taken by Mrs. Williams. She was not attempting to obtain a monied judgment that judgment, i. e., for alimony, was already in existence, having been rendered as an incident to the divorce proceeding. The use of the rule to make the delinquent payments executory was conformable to a method of practice which has been sanctioned by our courts in numerous cases. See Snow v. Snow, 188 La. 660, 177 So. 793 (where all of the prior jurisprudence on this question is reviewed); Cotton v. Wright, 193 La. 520, 190 So. 665, and the recent case of Erdal v. Erdal, La.App., 26 So.2d 377, where a similar question was raised by the defendant husband.
"The rationale of the above cited authorities is that, since a judgment for alimony is payable at fixed periods, it may be difficult, in cases where the husband has failed to discharge his full duty and has made irregular payments, to determine the exact amount for which a writ of fieri facias may be issued. Hence, the court has indicated that a rule, similar to *697 the one in the instant case, is proper in order that the delinquent payments may be computed into a lump sum as a guide to the Clerk and as a basis upon which execution can be issued."
Thus, the Supreme Court firmly rejected the idea that the judgment making past due alimony executory is a money judgment and treated the action as a procedural remedy for the wife to accomplish execution of her original judgment.
The official comment under LSA-C.C.P. Art. 3945 under which the wife is proceeding in the instant case states that this article is the codification of the jurisprudence contained in the Williams case.
We conclude that the judgment sought herein will not be a novation of the original debt or a new money judgment. It will be a showing as to how much is due the wife under the old judgment. Therefore, LSA-C.C.P. Arts. 6 and 9 are not applicable.
Accordingly, the exceptions filed by the curator ad hoc are overruled, the judgment of the trial court is reversed and set aside and the case is remanded for further proceedings.
Reversed and remanded.

ON APPLICATION FOR REHEARING
In his application for rehearing the curator ad hoc has asked for a clarification of our decree so as to restrict plaintiff's claim for past due alimony to the period of time between the original adjudication as to said alimony and the date of the final divorce judgment. The parties are bound by their own stipulation to the effect that the amount would be limited to that which had accrued on February 27, 1973, the date of the final judgment, and the remand of the case is with that understanding.
Rehearing refused.