SAMUEL, Judge.
Before us at this time is a plaintiff motion to dismiss two appeals taken in this matter by the defendant or, alternatively, to order the appellant to increase the amounts of the appeal bonds posted by him. The motion is based on appellant’s alleged failure to furnish sufficient appeal bonds. Appellant has filed exceptions of no right or cause of action to the motion.
The suit is for a separation from bed and board. The appeals, both suspensive, were taken from two separate judgments dated March 25, 1974 and May 31, 1974.
The first judgment, among other things, granted appellee a legal separation, dismissed appellant’s reconventional demand, dismissed opposing rules to increase and decrease alimony and child support, and awarded appellee the sum of $1,000.00 for past due and unpaid child support. The trial judge fixed the appeal bond in the amount of $350.00. The second judgment, on various rules taken by both litigants, denied appellee’s motion to increase the bond set for the first appeal, denied appellant’s motion to reduce the amount of child support, dismissed a plaintiff motion for contempt, and adjudicated as executory the sum of $400.00 for past due and unpaid child support. Bond in the second appeal also was fixed in the amount of $350.00. Appellant timely furnished a $350.00 bond in the first appeal and a $600.00 bond in the second appeal.
In pertinent part Code of Civil Procedure Article 2124 provides:
“The security to be furnished for a sus-pensive appeal is determined in accordance with the following rules:
“(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the *210 judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of costs
That part of the first judgment appealed from which awards appellee the sum of $1,000.00, and that part of the second judgment which awards appellee the sum of $400.00, are judgments for sums of money as contemplated and stated in the above quoted portion of Article 2124. The required bonds should have been fixed by the trial judge in an amount not less than one and one-half times the sums of $1,000.00 in the first instance and $400.00 in the second.
In connection with appellant’s exceptions of no right or cause of action, he argues appellee’s motion is not a proper remedy; the only proper remedy available to her is an application to this court for a writ of review; and accordingly, the exceptions should be maintained and the motion dismissed. We do not agree with the argument.
Appellant cites no authority which supports his argument, and we know of none. As the motion calls to our attention an error which should be corrected, we will overrule and dismiss the exceptions.
On the merits, appellant relies on Anthony v. Anthony, 288 So.2d 694, a case recently handed down by this court. He cites the case as holding that a judgment making alimony arrearages executory is not a money judgment and therefore not within the purview of the above quoted portion of Article 2124.
Anthony v. Anthony was a suit for separation from bed and board filed by the wife. Personal service was made on the defendant and a default judgment was obtained granting plaintiff the separation and custody of two minor children. The judgment also condemned the defendant to pay $300.00 per month as alimony pendente lite. The wife later obtained a divorce. Subsequently she filed a rule to obtain a judgment making executory past due and unpaid alimony, but limited to alimony accrued to the date of the divorce judgment. At the time the suit for divorce was filed, and at the time the rule was filed, the defendant had left the State of Louisiana and resided in the State of Mississippi. The proceedings on rule (and in the divorce action) were conducted contradictorily against a Curator ad Hoc appointed-by the court to represent the husband.
The issue involved was jurisdictional, whether personal service or attachment of the defendant’s property was necessary under Code of Civil Procedure Articles 6 and 9 in order to give the trial court jurisdiction to grant the judgment sought in the rule. The court held the rule to make past due alimony executory was incidental to the first judgment and personal service or attachment of the defendant’s property was not necessary to give the trial court jurisdiction. Anthony v. Anthony does not hold that a judgment making past due alimony executory is not a money judgment and the case does not involve Code of Civil Procedure Article 2124 in any manner.
Code of Civil Procedure Article 2088 retains jurisdiction in the trial court, even after the appeal is perfected, to consider objections to the sufficiency of the appeal bond, and permit the curing thereof, under the provisions of Code of Civil Procedure Articles 5123, 5124 and 5126. And Code of Civil Procedure Article 5125 prohibits dismissal of an appeal on the ground the appeal bond is insufficient unless the party furnishing the bond is afforded an opportunity to furnish a new or supplemental bond. Thus, we cannot dismiss the appeals in this case, nor can we fix what we might consider proper amounts for the appeal bonds. The matter must be remanded.
For the reasons assigned the exceptions . of no cause or right of action are overruled and dismissed and the motion is granted to the extent that the matter is remanded to the trial court solely for the *211 purpose of fixing appeal bonds in proper amounts, and of permitting the furnishing and curing of such bonds, in accordance with law and with the views expressed in this opinion. All costs are to await a final determination.
Motion granted in part; matter remanded.