BOLIN, Judge.
The only issue in this case is whether a court of another state, which renders a judgment of divorce, awards custody of children and child support, retains jurisdiction to increase the amount of child support without personally serving an absent defendant.
Plaintiff obtained a divorce from defendant in California in 1971. At that time defendant, who was in the armed services and stationed overseas, submitted himself to the jurisdiction of the California court but did not waive his rights under the Soldiers and Sailors Relief Act. An attorney was appointed to represent defendant and contradictory proceedings resulted in judgments awarding plaintiff a divorce, custody of three minor children, and $200 per month for the support of the children. In 1974 plaintiff brought another action in California against defendant, who was in the armed services stationed in Bossier Parish, Louisiana, to increase the total child support from $200 to $300 per month. In that proceeding defendant was notified by certified mail in compliance with California law. In due course judgment increasing the child support to $300 was rendered in favor of the plaintiff against defendant.
The present action to have recognized the California judgments and to fix the past due child support and make it executory was instituted by plaintiff against defendant who was personally served in Bossier Parish. Following trial the court ruled that the 1971 California judgment was valid and entitled to full faith and credit; that plaintiff could accrue and make executory the *110 child support due under the original $200 award because defendant had submitted himself to the jurisdiction of the court. However, the court refused to recognize the 1974 California judgment increasing the award because defendant was not personally served nor did he make an appearance. Plaintiff appeals and, since defendant neither appeals nor answers the appeal, the question of the first award of 1971 is not before the court.
California clearly had jurisdiction to render the divorce and to make the initial child support award. The court retained jurisdiction to alter the support award provided it was done in a constitutional manner and in compliance with the law of California. Plaintiff complied with California Code of Civil Procedure Section 415.40 which states:
A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and complaint to the person to be served by any form of airmail requiring a return receipt.
In Carpenter v. Carpenter, 240 So.2d 13 (La.App.2d Cir., 1970), this court held that the district court which granted the original child support judgment retained jurisdiction to alter the award although one of the parties to the original proceeding was a nonresident at the time the action for modification was instituted; and that the award could be changed upon giving defendant reasonable notice other than personal service. Quoted with approval was Dupre v. Guillory, 216 So.2d 327 (La.App.3d Cir., 1968). Thereafter the Supreme Court stated in Imperial v. Hardy, 302 So.2d 5 (1974):
Once jurisdiction attached for an award of child support, therefore, it continues for a change or modification of the award in the future. [Citations omitted]
We hold the lower court erred in rejecting plaintiff’s demand to accrue and make executory the increased amount of child support due under the 1974 California judgment.
The judgment of the trial court is amended and recast as follows:
It is ordered there be judgment in favor of plaintiff, Patricia Josephine Hudson, and against defendant, James Huntington Hudson, recognizing and according full faith and credit to judgments signed on October 29, 1971 and June 14, 1974 in the Superior Court of the State of California for the County of Marin in suit number 54501.
It is further ordered there be judgment in favor of plaintiff against defendant for $4,625.00 for accrued and unpaid child support under the 1971 and 1974 California judgments, with seven percent per annum interest thereon from August 20, 1975; and for the additional sum of $4,200.00 for the unpaid child support due under the 1974 California judgment from August 1975 through September 1976, with seven percent per annum interest from October 1, 1976 until paid.
It is further ordered that defendant pay all costs including the cost of this appeal.