PONDER, Judge.
Plaintiff appealed from the dissolution of a writ of attachment of property belonging to a nonresident.
The issue is whether the appointment of an attorney to represent the absentee is required at the inception of the proceedings. We affirm.
Plaintiff pled that defendant, a nonresident, has become indebted to it and as a basis for jurisdiction asked for and secured an order of attachment on defendant’s property upon giving of bond. There was no order appointing an attorney to represent the defendant. However, the latter through an attorney bonded out the property. The petition and citation were then served on that attorney. Thereafter defendant filed a rule to dissolve the attachment on the basis that an essential requisite to the issuance of a writ of attachment of an absentee’s property is the appointment of an attorney to represent the defendant.
Plaintiff’s contention is that there is no codal requirement for the appointment. We disagree and point to C.C.P. Art. 5091 which reads in part as follows:
“The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
“(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; . . . ”
As was pointed out in de Lavergne v. de Lavergne, 224 So.2d 149 (La.App., 4th Cir. 1969) the failure to require the appointment of an attorney at the beginning would result in constitutional defects. We therefore affirm. The costs are assessed against the appellant.
AFFIRMED.