257 So.2d 446 (1972)
Grace Ingersoll SMITH
v.
William Bailey SMITH.
No. 8652.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
Hopkins P. Breazeale, Jr., of Breazeale, Sachse & Wilson, Baton Rouge, Leroy H. Scott, Jr., Shreveport, for appellant.
Robert L. Kleinpeter, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
Plaintiff in this case seeks to obtain a money judgment for alleged arrearages in alimony and child support payments from her divorced husband, the defendant, and to have the judgment made executory. The defendant, however, moved to New York City, New York, following the divorce and has been domiciled in that state since 1961.
The Family Court Judge sustained a declinatory exception to jurisdiction over the person of the defendant and to the lack of service of process. Plaintiff appealed *447 from that judgment and for reasons hereinafter stated we affirm.
The defendant-appellee cites LSA-C.C.P. Art. 6 and asserts that the East Baton Rouge Parish Family Court does not have jurisdiction over his person on any of the grounds therein stated:
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
"(1) The service of process on the defendant, or on his agent for the service of process;
"(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
"(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto."
Further, LSA-C.C.P. Art. 9 limits the power of a court to render a money judgment against a nonresident not personally subject to the jurisdiction of the court. The action must be commenced by attaching the nonresident's property in this state, and the judgment may be executed only against that property. There was no such attachment of property in the instant case.
The plaintiff-appellant argues that The Family Court has continued to retain jurisdiction, since it had jurisdiction when it rendered the divorce and alimony decree in 1958, and that the jurisdiction of the court over the person is not defeated by the removal of the person from the territorial jurisdiction of the court. It is contended that this proceeding is incidental to the original divorce proceeding.
We are of the opinion that this action by a creditor, the ex-wife, for reducing a debt allegedly owed by a debtor, her ex-husband, to an executory money judgment is not an action incidental to the divorce, even though the debt allegedly due is unpaid alimony. It is not a modification of future obligations under a judgment awarding alimony or custody, et cetera, as a mere continuation of the original proceeding and, even in the cases where an alimony modification was sought and the court's continued jurisdiction over the nonresident person was recognized, it was the debtor, the ex-husband, who was attempting to reduce his obligation to the nonresident creditor, the ex-wife. Carpenter v. Carpenter, 240 So.2d 13 (La.App.2nd Cir. 1970); Dupre v. Guillory, 216 So.2d 327 (La.App. 3rd Cir. 1968). We find that The Family Court does not have the required personal jurisdiction over the defendant-appellee for the purpose of rendering an executory money judgment against him.
Plaintiff-appellant lastly contends that the requirements of due process were met inasmuch as the defendant had actual knowledge of the pendency of this action and thus had a chance to raise any defenses he might have had. Louisiana law at present does not provide that legal service of process is unnecessary where a defendant has actual knowledge of the pendency of an action, and whether or not our Legislature could constitutionally enact such a provision it has not done so.
For the above and foregoing reasons, the judgment of The Family Court sustaining the declinatory exception to personal jurisdiction and service of process is affirmed, at plaintiff-appellant's costs.
Affirmed.