LEMMON, Judge.
Under our supervisory jurisdiction we issued an alternative writ of certiorari to review a judgment overruling an exception to jurisdiction over the person.
The issue before us is whether the Louisiana court has jurisdiction over the resident of another state (1) to render a money judgment for the arrearage of child support payments due under a Michigan order, first rendered concurrently with the Michigan divorce of the parties and subsequently recognized or repeated by a Louisiana order, and (2) to increase the previous support award.
When Dr. Imperial and Mrs. Laura Hardy Imperial were divorced in Michigan in 1965, she was granted child support and custody of the two minor children, with permission to remove them to Louisiana, subject to reasonable visitation. In 1967, when the children were already living in Louisiana with Mrs. Imperial, and Dr. Imperial was residing in Illinois, the Michigan court made certain specifications as to visitation privileges, ordered Dr. Imperial to pay child support payments which were in arrears, and increased the amount of support payments. Also in 1967 the Michigan court made its order, holding Dr. Imperial in arrearage, a money judgment for the express purpose of executability in another state.
In 1968 Dr. Imperial, still residing in Illinois, instituted a suit in Orleans Parish to *226 obtain the custody of his children and/or reasonable rights of visitation. Mrs. Imperial’s answer contained a reconventional demand that the court grant her custody (which she already had by the Michigan judgment), order the same child support payments as set by the Michigan court, and make the Michigan arrearage judgment ex-ecutory in Louisiana. By agreement judgment was rendered on February 26, 1968, continuing custody with the mother, setting specific conditions for visitation, fixing support payments at the same amount ordered by the Michigan court, and making the Michigan money judgment executory in Louisiana.[1]
Dr. Imperial filed two subsequent rules involving visitation, the last judgment being rendered on July 22, 1969.
There were no further proceedings until January 25, 1973, when Mrs. Imperial filed a “Motion to Have Past Due Child Support Determined and Made Executory” and a “Motion For Increase in Child Support.” The motions and two subpoenas were served upon the attorney who had represented Dr. Imperial in the previous Orleans Parish proceedings. That attorney immediately withdrew as counsel of record.
Dr. Imperial (now a resident of Indiana) then through new counsel filed exceptions to the jurisdiction over the person and to the sufficiency of service of process. When the trial court overruled the exceptions, Dr. Imperial sought writs. With Judge Boutall dissenting, we ordered the trial court to either reverse itself on the exception to its jurisdiction or forward the record to this court for review of that ruling. The trial court elected the latter.
We pretermit inquiry into sufficiency of service of process, since the trial court under authority of C.C.P. art. 5091 could have appointed an attorney to represent Dr. Imperial (if the court possessed personal jurisdiction over him) and service could then have been effected on the attorney. Thus the fundamental question is whether the court had jurisdiction over the person of the nonresident such that the Louisiana judgment would be récognized by other states.
 The Louisiana court had jurisdiction to determine the custody and visitation issue in the 1968 proceedings because (as the Michigan court authorized and presumably every state would recognize) the children were domiciled in this state. C.C.P. art. 10(5). Mrs. Imperial now contends that the Louisiana court has continuing jurisdiction to adjudicate her demands, since Dr. Imperial submitted himself to the court’s jurisdiction in 1968. She did not argue any other basis for the Louisiana court to exercise jurisdiction over the Indiana resident.
Mrs. Imperial relies on Walker v. Walker, 157 So.2d 476 (La.App. 3rd Cir. 1963), in which the Louisiana wife sought an ex-ecutory alimony judgment against her spouse (then a resident of Arkansas) during the pendency of a suspensive appeal from a judgment dismissing her separation suit. In that case the court held that service on the attorney for the husband, who made a general appearance in the appealed separation suit, vested personal jurisdiction in the Louisiana court. Without commenting on this holding of the Walker case (which was reversed by the Supreme Court on other grounds, 246 La. 407, 165 So.2d 5 (1965)), we note that there was no separation or divorce suit (or any other action) pending in the present case when the wife filed for the executory judgment and the support increase.
We also distinguish the cases of Dupre v. Guillory, 216 So.2d 327 (La.App. 3rd Cir. 1968), and Carpenter v. Carpenter, 240 So.2d 13 (La.App. 2nd Cir. 1970). In each *227 of those cases the nonresident-wife had moved to another state after the divorce, and the domiciliary-husband was seeking a reduction from the Louisiana court which had originally rendered the divorce judgment and set the support award. In the present case both parties have moved from the state which rendered the divorce, and the Louisiana wife is now attempting to increase and enforce the Michigan support order in a court, which has present jurisdiction over her and the children (because of their residence), but which has no relationship with her husband and which had no connection with the divorce and original support award.
Normally, the court which, by virtue of jurisdiction over the status, rendered an order for child support incidental to a judgment of divorce continues to have jurisdiction to modify or enforce its order. In this case, however, the Michigan court rendered the order, and the Louisiana court in 1968 (long after the divorce) simply recognized what had been validly done in Michigan. Under these circumstances we do not believe Dr. Imperial’s attempt to secure custody of his children or to enforce rights of visitation served to vest the Louisiana court with jurisdiction over him forever. If so, then a mother who desires increased support could deny the divorced father’s visitation right and force him to submit to the court’s jurisdiction at the mother’s domicile, although that state would otherwise have no basis to exercise jurisdiction over the father.
The underlying problem is legislature jurisdiction. Michigan law validly required Dr. Imperial to support his children, but the Louisiana legislature cannot enact a law which would require the Indiana resident (who was never a Louisiana resident) to do so. The Louisiana legislature has enacted R.S. 13:1641 et seq., the Uniform Reciprocal Enforcement of Support Law, which is designed to assist Louisiana residents in collecting support from recalcitrant nonresident fathers. However, the key to the jurisdictional effectiveness of that statute is the reciprocal law enacted by the Indiana legislature, which presently has personal jurisdiction over Dr. Imperial.
Mrs. Imperial further argues that her former husband can remain in Indiana and, at any time he desires, can use the Louisiana court to seek custody or visitation, or even seek to reduce support, while she is powerless to have the award adjusted here, no matter how justified the increase might be. This argument implies that the court thereby favors a nonresident over a resident.
This is not a matter of- favoritism. The Louisiana court simply has personal jurisdiction over Mrs. Imperial (because she is domiciled here) and does not have personal jurisdiction over her former husband. Furthermore, she does have a remedy to have the Michigan award adjusted and enforced by availing herself of R.S. 13:1641.
Since we conclude the court has no jurisdiction over the person, we do not reach the issue of insufficiency of service of process.
For these reasons, the judgment of the trial court is reversed, and it is now ordered that the exception to the jurisdiction over the person be maintained.
Reversed.
BOUTALL, J., dissents with written reasons.

. Thus the Louisiana court in substance did nothing different from the Michigan court’s earlier actions, adding only formalities as to the visitation rights (e. g., a requirement that Dr. Imperial notify the mother in advance of his hotel accommodations prior to calling for the children).