302 So.2d 5 (1974)
Benjamin E. IMPERIAL, M.D.
v.
Laura HARDY.
No. 54409.
Supreme Court of Louisiana.
October 11, 1974.
Rehearing Denied November 6, 1974.
*6 John M. Page, McCloskey, Dennery & Page, New Orleans, for defendant-applicant.
Rene A. Pastorek and James D. Estopinal, Gretna, for plaintiff-respondent.
SUMMERS, Justice.
Benjamin E. Imperial and Laura Hardy were divorced in Michigan on April 27, 1965. She was awarded custody of the two children of the marriage with the right to remove their domicile to Louisiana. She was also awarded the sum of $124 biweekly for the support and maintenance of the children. When the husband later petitioned, on June 5, 1967, to reduce the support award and for a more definite order in regard to visitation, he was found to be $4,250 in arrears in the payments required by the decree of April 27, 1965. In addition, the support payments were increased to $130 biweekly. Later, in October 1967, the Michigan court ordered that the arrearage of $4,250 be declared a money judgment subject to execution.
In the meantime, the wife moved with the children to Louisiana and established their domicile here. Based on their residence in Orleans Parish, the husband filed these proceedings there to obtain custody of the children. He alleged that he was being denied visitation rights by the wife and that she was subjecting the children to improper influences.
The wife answered, denying that she obstructed or hindered the exercise of the husband's rights of visitation, and asserting her right to retain custody of the children. She then reconvened, praying that the Orleans Parish court fix the amount to be paid by the husband for support of the children at $130 biweekly in keeping with the amount ordered paid by the Michigan Court. She also prayed that the amount of the arrearage in support payments due for the children be fixed at $4,250, less a credit of $1,000, and made executory.
On these pleadings a judgment was rendered on February 26, 1968 by the Orleans Parish District Court reciting that it was rendered "in view of the agreement reached by the parties." It rejected the husband's demand for custody of the children. A decree was entered in that judgment "granting unto defendant (the wife) the care, custody and control of the aforesaid minor children subject to plaintiff's (the husband's) right to exercise reasonable visits with the children in New Orleans," ordering the husband to pay $130 biweekly for the support of the children, and making the Michigan judgment for arrearage executory. Judgment was also awarded in favor of the wife for $3,250, an amount equal to the balance due on the arrearage. No appeal was taken from this judgment, and the husband complied with *7 its decrees by making support payments and by satisfying the judgment for arrearage.
On two occasions thereafter, August 1, 1968 and July 18, 1969, the husband filed rules in these proceedings to enforce his rights of visitation. No further action was taken until, on the wife's motion, on January 25, 1973, the court ordered the husband to show cause why past due child support payments in the amount of $1,626 should not be determined and made executory through a judgment rendered against him in favor of the wife. At the same time, by separate motion, the wife sought an increase in the child support payments to $225. These last two motions were served on counsel of record for the husband, who then, alleging that he had been discharged, moved to withdraw as counsel. The motion was granted.
The husband, through his present counsel, alleging that he was then a resident of Indiana, excepted to the jurisdiction of the court over his person and to the validity of the service of process on his former counsel. These exceptions were overruled by the trial judge. Writs of certiorari were granted by the Fourth Circuit and on review the husband's exception to the jurisdiction was maintained, and the judgment of the trial court was reversed. 287 So.2d 224. On the wife's application, we granted certiorari. 290 So.2d 897.
Sufficiency of the service of process on the husband's counsel of record depends on whether the court has jurisdiction over the person of the husband. If the court does have jurisdiction, the service here was proper under Articles 1312, 1313 and 1314 of the Code of Civil Procedure which permits the service of every pleading subsequent to the original petition by delivering a copy thereof to the adverse party, or to his counsel of record. Walker v. Walker, 246 La. 407, 165 So.2d 5 (1963); Reynolds v. Reynolds, 21 Cal.2d 580, 134 P.2d 251 (1943); Moore v. Superior Court, 203 Cal. 238, 263 P. 1009 (1928); Wells v. Wells, 209 Mass. 282, 95 N.E. 845 (1911); 62 A.L.R.2d, Alimony-Modification-Notice ¶ 6(b) p. 557; ALI, Rest., Conflict of Laws, ¶ 76; Ehrenzweig, Conflict of Laws, p. 90 (1962). And if the Orleans Parish Court had personal jurisdiction over the defendant, it would also have authority to appoint an attorney to represent the absent defendant under the authority of Article 5091 of the Code of Civil Procedure.
This record makes clear that after the Michigan divorce the wife moved to Louisiana with the children and established their domicile in this State. The Louisiana court, therefore, had jurisdiction over the status of these children and of the husband's proceeding filed here to obtain custody of them. It was upon the husband's initiative that the authority of the Louisiana court was invoked to adjudicate his grievance. La.Code Civ.P. art. 10(5). While custody involves status and jurisdiction over the status is proper at the domicile of the children, alimony does not involve status. It requires a money judgment supported by personal jurisdiction over the party cast. Pennoyer v. Neff, 95 U.S. 714, 24 L.E. 565 (1878); Baker v. Jewell, 114 La. 726, 38 So. 532 (1905). Jurisdiction over the person is the legal power of the court to render a personal judgment against a party to an action or proceeding. Our Code of Civil Procedure recognizes, among other, this ground for personal jurisdiction: "The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto." La. Code Civ.P. art. 6.
This authority; the fact that the wife's reconventional demand for support payments, arrearage, etc., was part of the same proceeding in which the husband had invoked the court's jurisdiction; the fact that the demands in reconvention for support for the children were incidental to or *8 concomitants of the custody proceedings; the fact that the judgment of February 26, 1968 resulted from the husband's petition for custody and the wife's reconventional demand; the fact that the judgment awarded custody and simultaneously fixed support payments incidental thereto, made the arrearage executory and cast defendant in a separate decree for the balance due on the arrearage; the fact that the judgment recites that it was rendered "in view of the agreement reached by the parties"; and the fact that the husband did comply with that judgment by making support payments and by paying the arrearage all make a convincing case of submission to the exercise of jurisdiction by the husband, or at least these facts amount to an express or implied waiver of objections to the exercise of that jurisdiction. For the lack of jurisdiction of the person is a mere personal defense, which, if not pleaded, is waived. Theriot v. Bayard, 37 La.Ann. 689 (1885).
Jurisdiction is power, and it would be meaningless in this case if the husband could submit to the court's jurisdiction and be cast for child support which this court could neither later modify nor enforce within its boundaries.
Once jurisdiction attached for an award of child support, therefore, it continues for a change or modification of the award in the future. La.Civ.Code art. 157; La.Code Civ.P. art. 2592; Davis v. Davis, 238 La. 293, 115 So.2d 355 (1959); Nelson v. McCarter, La.App., 212 So.2d 467 (1968).
This brings us back to the problem we resolved when we began our reasoning. Having decided there that if the court had jurisdiction over the person of the husband, service could be made on his counsel of record at a later time in the same proceedings in a matter incidental to that originally adjudicated, provided the matter was not final. We have now resolved the contingency upon which that conclusion was drawn.
The husband's complaint is that the time lapse here, between the judgment fixing the support payments on February 26, 1968 and the filing of the motions to assess the arrearage and increase the support payments on January 25, 1973, is an inordinately long time to continue jurisdiction. It permits counsel of record to be served in his stead five years after the decree awarding support. It has been suggested that the answer is for counsel to withdraw after judgment has become final, obtaining thereby a relinquishment of jurisdiction over him by the court and thereby avoiding the possibility of his being served later on behalf of his client. Such a motion by counsel would state that his authority to represent his client has terminated. 62 A.L.R.2d p. 557.
When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the State to bind him by every subsequent order in the cause. Mr. Justice Holmes called this rule "one of the decencies of civilization that no one would dispute." Michigan Trust v. Ferry, 228 U.S. 346, 33 S.Ct. 550, 57 L.Ed. 867 (1912). It would be intolerable if an action once properly begun could not proceed without the continued existence of the original basis for jurisdiction. Under such a rule a litigant who had availed himself of the court's jurisdiction at the inception of the case could avoid the entry of judgment against him by the simple expedient of withdrawing from the State. ALI, Rest.2d, Conflict of Laws, ¶ 26.
For the reasons assigned, the husband's exception to the jurisdiction is overruled, the judgment of the Court of Appeal is reversed, and the case is remanded to the trial court to be proceeded within the manner provided for by law and not inconsistent with the views expressed here.
*9 TATE, J., dissents and assigns written reasons.
BARHAM, J., dissents for reasons assigned by TATE, J.
TATE, Justice (dissenting).
I respectfully dissent.
The principal issue is whether a Louisiana court has continuing jurisdiction, because of a non-resident's appearance here in custody proceedings four years earlier, to award a monied judgment for past-due child-support payments against a non-resident husband, as well as to increase the child-support payments. An important secondary issue is whether, if so, service on the non-resident husband may be made by serving the 1973 demands upon the attorney the husband had retained in 1968 and 1969.
Initially, Louisiana obtained jurisdiction over the non-resident husband when, in 1968, he filed a suit to obtain reasonable rights of visitation to his children. By reconventional demand, his wife made executory in this state the initial Michigan child-support judgment. The husband also filed two subsequent rules in 1969 involving visitation rights.
In 1973, the wife filed the present proceedings to obtain a monied judgment for past-due child-support and also to increase the child-support payments. These pleadings were served upon the husband's previous counsel (retained back in 1968 and 1969), who immediately formally withdrew as counsel of record.
With respect, I must demur from the majority's citation of Davis v. Davis and Nelson v. McCarter as authority for continuing jurisdiction in a Louisiana court over a non-resident in these circumstances. The decisions simply do not address themselves to this question.
However, Carpenter v. Carpenter, 240 So.2d 13 (La.App. 2d Cir. 1970) and Dupre v. Guillory, 216 So.2d 327 (La.App. 3d Cir. 1968) both do concern an issue relevant to the present. The intermediate courts there held that the Louisiana court which set the original alimony payments retained jurisdiction so as to permit a Louisiana husband to obtain a reduction of the original amounts awarded to his now non-resident wife. They are persuasive that the majority is correct, although they are certainly not determinative.
I do tend to agree with the majority that the original court retains jurisdiction of the person so as to modify the original alimony decree. However, arguably, an increase against a non-resident might be subject to a different rule, and we do not even consider the sensitive issue raised by the intermediate court here: The Illinois husband appeared here in 1968 and 1969 for a limited purpose, to enforce rights under the initial Michigan decree; so that he should not be regarded as conferring Louisiana jurisdiction indefinitely and ad infinitum.
Nevertheless, I cannot agree that the Louisiana court retains jurisdiction to render a personal judgment against a non-resident husband by way of fixing the amount of the past-due arrearage and making the judgment executory in a fixed amount. I think Smith v. Smith, 257 So.2d 446 (La. App. 1st Cir. 1972) correctly held that any initial submission of the party to the personal jurisdiction of the Louisiana court in fixing the rate of alimony did not carry with it a submission to the further jurisdiction of the court to render a personal judgment against him executory as to amount.
Further, and most important, even if there were continuing jurisdiction to increase the child-support award and to make past-due support payments executory, I do not think that service could be made on the non-resident defendant by serving *10 papers upon his attorney retained by him four years earlier in initial proceedings. See Smith v. Smith, 289 So.2d 271 (La.App. 1st Cir. 1973).
Normally, an attorney is retained and paid for representing the client in the proceedings actually tried. There is no continuing retainer of or representation by the attorney after the final decree terminates the issues litigated.
The judgment fixing the rate of alimony and determining the visitation rights is in the nature of a final judgment, even though the court retains jurisdiction to modify same. Normally, the retained service of an attorney ends with this final judgment, as it is a fiction to consider him as still representing the client. (The majority itself suggests that the fiction of continuing representation could be avoided by having counsel formally withdraw in each separation, divorce, or custody case after judgment has become final, stating that counsel's authority to represent his client has been terminated. However, is this not the normal understanding in the attorney-client relationship in such proceedings?)
Essentially, then, I believe that, for present purposes, proceedings to make past-due alimony executory (or to increase or decrease the amount of the alimony awarded by a previous final but modifiable judgment) constitute a new and different proceeding, rather than being further interlocutory stages in a continuing suit.
It is my firm opinion, therefore, that even if continuing jurisdiction were present, service could be made on this non-resident defendant only through appointment of an attorney to receive service for him, as authorized by our Code of Civil Procedure, rather than by serving copies of the pleadings upon the attorney he had retained some four and five years earlier in the earlier proceedings which had resulted in a final judgment.
For these reasons, I respectfully dissent.