BOLIN, Judge.
Plaintiff, alleging she obtained a judgment against defendant awarding her alimony of $400 per month, sued defendant to have past due alimony of $1,000 decreed due and executory. From judgment in favor of plaintiff defendant appeals. We affirm the ruling of the lower court.
The primary question is whether service of process on defendant through his “attor *896 ney of record” and subsequent actions taken by the attorney constituted sufficient citation upon which to predicate the judgment against defendant.
It is axiomatic that only those things which are made part of the record may be considered on appeal, and therefore we shall limit our recitation of the facts to the pleadings which are before this court.
On June 4, 1974, plaintiff filed a pleading entitled “Rule for Contempt, [and] for Accumulation of Alimony Arrearages”. In this petition plaintiff alleged she had obtained a judgment on August IS, 1973 against defendant awarding her alimony of $400 per month; that defendant had failed to pay the payments for April, May and June, 1974, and that as of June 1, 1974 there was a balance due of $1,000. Plaintiff asked that a rule issue directed to defendant ordering him to show cause why the past due alimony should not be decreed executory and why he should not be adjudged guilty of contempt of court. The prayer of the petition was “that a rule nisi issue herein directed to defendant, Joe Baker Owen, ordering him to show cause” why the relief sought should not be granted.
Pursuant to this petition an order was signed on June 4, 1974, making the rule returnable on June 12, 1974 at 10:30 a. m. The citation was directed to “Joe Baker Owen thru Robert Donovan, Attorney of Record” and the sheriffs return thereon reflects that service was made on June 5, 1974 on Joe Baker Owen by personal service on “Robert Donovan Atty of Record.”
On June 12, 1974, Robert J. Donovan, Jr., filed an answer to the rule wherein he stated, “Now into Court, through undersigned counsel, comes Joe Baker Owen, for the purpose of answering to plaintiff rule for contempt and for accumulation of alimony, with respect shows:” Thereafter follows an answer in the form of a general denial. On the same day Donovan, again appearing as counsel for defendant, filed an exception to the citation wherein he alleged “that previous to the service of the said citation in the latter part of May, Joe Baker Owen instructed his counsel that he desired not to take any further action in the case in Louisiana,” and that Joe Baker Owen had “contacted additional counsel in the City of Shreveport to represent him in this matter.” For these reasons the attorney asked that the exception to the citation be sustained and the rule for contempt and for accumulation of alimony be dismissed. On the same day Donovan, again appearing as counsel, filed a “Motion to Withdraw”, alleging, “That it is the desire of the defendant, Joe Baker Owen and the law firm Naff, Kennedy, Goodman, Donovan & Parnell that the representation by the said law firm of Joe Baker Owen terminate.”
The court sustained the exception to the citation as to the portion of the petition that defendant be adjudged guilty of contempt but overruled the exception as to the demand to make the past due alimony ex-ecutory. Trial of the rule resulted in judgment in favor of plaintiff against defendant for past due alimony in the sum of $1,000. At the conclusion of the hearing the court permitted Donovan to withdraw as counsel for defendant on June 12, 1974, at 10:40 a. m.
Present counsel, Maynard E. Cush, filed a motion for a rehearing or new trial on June 17, 1974, and in this motion it was alleged :
“4. That the defendant herein had previously dismissed the said Robert J. Donovan, Jr., as his attorney, and said attorney had acknowledged the fact that he no longer represented the defendant.
“5. Defendant alleges on information and belief that said Robert J. Donovan, Jr., had prepared a motion to withdraw but that same had not actually been signed.
“6. That, therefore, the citation upon Robert J. Donovan, Jr., as counsel for defendant, was improper, invalid, and not according to law.
*897 “7. That, therefore, since the rule seeks enforcement of a personal judgment, said service was improper and the Court was without jurisdiction over the person of the defendant, Joe B. Owen.”
Appellant contends Smith v. Smith, 257 So.2d 446 (La.App. 1st Cir. 1972) is controlling and that service on Donovan was insufficient to confer jurisdiction on the court to try the rule nisi. Counsel for ap-pellee counters this argument by citing Imperial v. Hardy, 302 So.2d 5 (La.1974).
In Smith plaintiff sought to obtain a judgment for alleged arrearages in alimony and child support from her divorced husband. Following the divorce the husband had moved from Louisiana to New York and at the time of suit he was a nonresident of Louisiana. The lower court sustained an exception to the jurisdiction over the person of the defendant and the lack of service of process, and the Court of Appeal affirmed. The basis for the decision was that under Articles 6 and 9 of the Louisiana Code of Civil Procedure the Louisiana court did not have jurisdiction over the person of a nonresident for the purposes of rendering an executory money judgment against him. The court further held that the Louisiana court did not continue to retain jurisdiction over the nonresident under the theory that the suit to collect past due alimony was incidental to the original divorce proceedings.
In Imperial v. Hardy, supra, the parties obtained a divorce in the State of Michigan. The wife was awarded custody of the children with the right to remove them to Louisiana. She was also awarded alimony for their support and maintenance. Thereafter proceedings were had in Michigan making past due alimony by the husband in favor of the wife executory. In the meantime the wife moved with the children to Louisiana and established their domicile in this state. Thereafter the husband filed several proceedings in Louisiana to enforce his rights of visitation, and the wife reconvened to have the amount of child support fixed by the court and to have the past due support payments fixed and made executory. Judgment was rendered in favor of the wife and no appeal was taken.
Several years elapsed when no actions were taken in Imperial, and on August 25, 1973, which was over three years after the last proceeding had been instituted by the husband, the wife caused a rule to be issued in Louisiana against her husband seeking an increase in the child support and to make the past due portion executo-ry. Service of these proceedings was made on the counsel of record for the husband, who then, alleging that he had been discharged, moved to withdraw as counsel. The Supreme Court held that the husband by participating in earlier proceedings in the same suit and by complying with the judgments entered therein, had waived objections to the jurisdiction and that personal jurisdiction over the husband was obtained by service on his attorney of record, even though several years had elapsed between the last two proceedings. In the course of the opinion we note the following:
“Sufficiency of the service of process on the husband’s counsel of record depends on whether the court has jurisdiction over the person of the husband. If the court does have jurisdiction, the service here was proper under Articles 1312, 1313 and 1314 of the Code of Civil Procedure which permits the service of every pleading subsequent to the original petition by delivering a copy thereof to the adverse party, or to his counsel of record.
‡ >{c ‡ ^ ajc
“The husband’s complaint is that the time lapse here, between the judgment fixing the support payments on February 26, 1968, and the filing of the motions to assess the arrearage and increase the support payments on January 25, 1973, is an inordinately long time to continue jurisdiction. It permits counsel of record *898 to be served in his stead five years after the decree awarding- support. It has been suggested that the answer is for counsel to withdraw after judgment has become final, obtaining thereby a relinquishment of jurisdiction over him by the court and thereby avoiding the possibility of his being served later on behalf of his client. Such a motion by counsel would state that his authority to represent his client has terminated. 62 A.L. R.2d p. 557.”
In the instant case the record does not reflect defendant is a nonresident of Louisiana. While this fact is alluded to in briefs and in statements made by counsel during trial, these cannot be considered on appeal. For this reason it is doubtful that either Smith or Imperial is applicable to the question of jurisdiction over the person of the defendant.
Louisiana Code of Civil Procedure Article 7 provides:
“Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5)Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
j{C * sfc ff
If it be determined that Donovan was the attorney for defendant, he made a general appearance by filing an answer for defendant and impliedly waived any objection to the jurisdiction of the court. The record conclusively shows Donovan was the attorney for defendant. He filed an answer to the rule wherein he stated he was counsel for defendant; the present counsel for defendant in his motion for rehearing states that Donovan was counsel for defendant but that defendant had previously dismissed the attorney.
The real crux of the case is the allegation by Donovan that he had been instructed in the latter part of May that defendant did not desire to take any further action in Louisiana. Liberally construing such an allegation as a claim that defendant attempted to dismiss Donovan as his attorney in May, the attorney should have immediately filed a motion to withdraw as his counsel rather than file an answer on his behalf on June 12, 1974.
We find that Robert Donovan was the attorney of record for defendant when he was served with the citation on June 5, 1974; that having failed to officially withdraw as his attorney and having made a general appearance for defendant by filing an answer to the rule on June 12, 1974, the action of the trial court in overruling his exceptions was proper and the judgment rendered against defendant is valid.
The judgment of the lower court is affirmed at appellant’s cost.