314 So.2d 363 (1975)
Mary C. HEATON, Plaintiff-Appellant,
v.
William Wallace GARVIN, Defendant-Appellee.
No. 4980.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
Rehearing Denied June 20, 1975.
*364 Alonzo T. Stanga, III, Metairie, for plaintiff-appellant.
Albert J. Leger, Lafayette, for defendant-appellee.
Before HOOD, MILLER and WATSON, JJ.
WATSON, Judge.
Plaintiff-in-rule appeals a judgment which sustained an exception to the jurisdiction filed by the non-resident defendant-in-rule in a proceeding in which plaintiff-in-rule sought to increase a previously entered order for child support. Plaintiff-in-rule is Mary C. Heaton, former wife of the defendant-in-rule, William Wallace Garvin. The parties are the parents of the minor, Mary Stephanie Garvin.
Mrs. Heaton obtained a judgment of divorce from Garvin on May 1, 1967 in the 15th Judicial District Court, Lafayette Parish. For the support of the minor, Mary Stephanie Garvin, at that time two years of age, the court ordered Garvin to pay the sum of $40 per month. Garvin subsequently moved from Lafayette, Louisiana to Yuma, Arizona where he has resided for several years. As far as the present record reflects, there have been no interim proceedings between these parties.
On August 29, 1974, Mrs. Heaton filed a rule in the 15th Judicial District Court, Lafayette Parish, against Garvin to show cause why the amount of child support should not be increased, making the usual allegations concerning the increased expenses of the child and also alleging that Garvin's salary has doubled since the 1967 support order.
An attorney at law was appointed to represent the non-resident defendant-in-rule and service was made upon the attorney. No service was made on Garvin and he has appeared in no way except for the filing of exceptions of lack of jurisdiction over the person and insufficiency of service of process.
On February 21, 1975 the trial court signed a judgment maintaining the exception to the jurisdiction and dismissing plaintiff's rule. From the adverse judgment, plaintiff has appealed.
The issue presented is whether the Louisiana court which granted the divorce between the parties and fixed an amount for child support has jurisdiction over the defendant to entertain a proceeding for an increase in child support.
Our analysis of the jurisprudence is that prior to the recent case of Imperial v. Hardy, 302 So.2d 5 (La., 1974) the courts of this state were not willing to grant money judgments against non-residents in support and alimony cases.[1] Smith v. Smith, 257 So.2d 446 (La.App. 1 Cir. 1972); Caldas v. Caldas, 224 So.2d 831 (La.App. 4 Cir. 1969). Compare Puissegur v. Puissegur, 220 So.2d 547 (La.App. 4 Cir. 1969). However, by the decision in Imperial v. Hardy, supra, the Supreme Court *365 has recognized the concept of continuing jurisdiction in support matters by saying:
"Once jurisdiction attached for an award of child support, therefore, it continues for a change or modification of the award in the future." 302 So.2d 8.
While there were certain factors present in the Imperial case not found in the matter before us, the principles involved are the same. In Imperial, the Supreme Court found that the non-resident submitted himself to the jurisdiction of the Louisiana court. In our present case, the defendant was actually a resident of the state of Louisiana and the court had, without any doubt, jurisdiction over his person when the divorce, custody and child support orders were originally entered.
While there was a considerable lapse of time between the support order and the filing of the rule for an increase (some seven years), it is not significantly longer than the time lapse in the Imperial case where the judgment fixing the support payments was entered five years prior to the filing of motions to assess the arrearage and to increase the amount. If jurisdiction continues for five years, then it would continue for seven years.
Having once found jurisdiction, we may then consider its consequences. LSA-C.C. P. art. 5091 provides that when the court has jurisdiction over the person or property of the defendant, or over the status involved, the court may appoint an attorney at law to be served with process and to represent the defendant. That is the procedure which was followed in the present case and it appears entirely proper to us. It should be noted that while in Imperial, the Supreme Court allowed service on counsel of record for the absentee defendant, the dissenters suggested that a better procedure would have been to appoint an attorney at law to represent the absentee defendant.
We also note that this court has previously held that a district court which entered an order of child support has continuing jurisdiction over a non-resident to consider the question of reduction in the amount of child support and that the proper procedure is to appoint an attorney at law to represent the non-resident defendant. Dupre v. Guillory, 216 So.2d 327 (La.App. 3 Cir. 1968). If a court can consider a reduction against a non-resident following substituted service, there is no reason why it should not consider an increase. The state has a powerful and abiding interest in the support of children located within its boundaries. There is more than a fleeting possibility of children, whose absentee fathers do not support them, being thrown on the state welfare rolls.
We are aware of the well-reasoned opinion by our learned brother, Judge Blanche, of the First Circuit in Smith v. Smith, 257 So.2d 446, heavily relied upon by the dissenters in the Imperial case, but our analysis indicates that Imperial has overruled the Smith decision.
For the reasons assigned, the judgment of the trial court sustaining the exception to the jurisdiction is overruled and the case is remanded for trial.
Costs are taxed against appellee, and in view of the fact that counsel for appellee is an attorney appointed to represent him, we award a fee of $250 to be paid (in addition to any other fees ordered by the trial court) in connection with the proceedings in this court and to be taxed as costs.
Reversed and remanded.
NOTES
[1] We use the expression "alimony" to refer to alimony pendente lite or permanent alimony payable to the wife or former wife; and "support" to refer to child support; but precisely speaking the term "alimony" encompasses all of these. LSA-C.C. art. 230.