REDMANN, Judge.
Plaintiff moves dismissal for untimeliness of defendant’s appeal from a default judgment on rule for past due alimony.
No notice of the judgment was ever served upon defendant, and defendant was not personally served with plaintiff’s rule. Defendant was in Nigeria; service was effected through his prior counsel of record (see Imperial v. Hardy, La.1974, 302 So.2d 5) who promptly withdrew. Defendant filed no exceptions or answer.
La.C.C.P. 1913 requires service of “[n]ot-ice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer.” Under C.C.P. 1974, therefore, the time for applying for new trial would not begin to run until notice is served, and under C.C.P. 2087 the time for appealing would not begin to run.
Thus the appeal is not untimely.
Motion denied.