SARTAIN, Judge.
Plaintiff, Carolyn Carter Collins, appeals from a judgment sustaining defendant’s declinatory exception and dismissing her rule for lack of jurisdiction. Plaintiff obtained a judgment of divorce in 1971 from William M. Collins, Jr., the defendant herein. The divorce judgment included an award of seventy-five dollars per month child support. Although he was at the time domiciled in California, the defendant personally submitted to the jurisdiction of the court.
After William Collins, Jr. failed to comply with the alimony provisions of the judgment, Carolyn Collins brought the present rule to obtain a judgment for arrearages and to increase the amount of alimony. She requested that an attorney be appointed to represent her absent ex-husband. The attorney so appointed filed an exception of no jurisdiction over the person. The trial court sustained the exception.
We believe that the trial court was in error. It had continuing jurisdiction over the defendant. The case of Imperial v. Hardy, 302 So.2d 5 (La.1974) is almost exactly in point. There the first action was to make a foreign arrearages judgment execu-tory and to fix child support in accord with the foreign decree. The husband submitted to the jurisdiction and judgment was rendered against him.
Five years later the wife filed a rule to make past due payments executory and to increase the child support. The rule was served on the attorney of record for the husband. The husband excepted to the jurisdiction over him and also to the service of process. The Supreme Court sustained the trial court’s overruling of the exceptions. The court stated, “When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the State to bind him by every subsequent order in the cause.” Imperial, supra, at 8. This is exactly the situation we have here.
The only difference in the two cases is that here an attorney was appointed to represent the absent husband whereas in Imperial service was made on his attorney of record. This is no reason for a different result. Under Imperial, the trial court had jurisdiction over Mr. Collins. Whenever a court has jurisdiction over an unrepresented absent defendant, it can appoint an attorney to represent him. C.C.P. Art. 5091. The appointment of an attorney was unnecessary in Imperial because the court found that the husband was still represented by his attorney of record. Here, Mr. Collins proceeded in proper person in the divorce action so he had no attorney of record. The procedure of appointing an attorney was correct.
The defendant relies on the case of Smith v. Smith, 257 So.2d 446 (La.App. 1st Cir. 1972). We agree that the decision there supports defendant’s position. However, we believe Smith to have been overruled by our Supreme Court in Imperial.
For the above reasons, the judgment of the Family Court is reversed and this matter is remanded. All costs pertaining to this appeal are assessed against appellee. All other costs are to await a final determination on the merits.
REVERSED AND REMANDED.