CHIASSON, Judge.
On August 18, 1980, this Court issued “Alternate Writs of Mandamus, Certiorari and Prohibition,” directing the trial court to maintain the applicant’s declinatory exception of insufficiency of service of process or in the alternative the trial judge and/or respondents show cause why the writ should not be made peremptory. The alternative has been selected by the respondents.
This writ application arises from a custody determination between the respondents, grandparents, and the relator, Marie Stead-man, over two minor children of the marriage between the relator and the respondents’ son. A judgment awarding custody of the children to Marie Steadman was rendered on March 24, 1980. The judgment also awarded visitation rights to the grandparents who had the previous custody of the children following a consensual agreement between their son and Marie.
Two weeks after the judgment, respondents, joined by their son, Alan Steadman, filed a motion for contempt, visitation rights, and change of custody in the same numbered suit. These pleadings were served upon the attorney, Boris Navratil, who represented Marie Steadman in the previous hearing. Mr. Navratil filed the exception which was denied by the trial judge.
Even though the issue of jurisdiction is not before us, we are compelled to determine if jurisdiction exists under the rationale of Imperial v. Hardy, 302 So.2d 5 (La.1974).
“Sufficiency of the service of process on the husband’s counsel of record depends on whether the court has jurisdiction over the person of the husband. * * * ”
Respondents contend there is jurisdiction in this case under the concept of continuing jurisdiction. Imperial, supra. We find that this case is for custody of children and falls within the holding of Odom v. Odom, 345 So.2d 1154 (La.1977). Odom, supra, did not extend the concept of continuing jurisdiction to change of custody case, unless there are sufficient compelling reasons. We deem that the reasons advanced by counsel for the respondents not to be compelling. Since the children and the custodial parent are not present in this state (or in this country), and the grandparents or their son have not been ordered to pay child support, we find no compelling interest for the trial court to continue to exercise jurisdiction.
Since there is no continuing jurisdiction, service of process on Marie Steadman’s counsel of record is of no legal significance. Such service of process would have been sufficient if the concept of continuing jurisdiction would have applied. Imperial, supra.
For these reasons, the writ is made peremptory. All costs are to be borne by the respondents in rule.
WRIT MADE PEREMPTORY.