CULPEPPER, Judge.
Appellant, Nora Lee Prince, appeals from a judgment of the district court denying her demands for child support incidental to an action for final divorce.
The issue is whether in the divorce action the district court has in personam jurisdiction over the husband to continue the judgment of child support previously ordered in the separation proceeding, where the court had personal jurisdiction in the separation proceeding but the husband moved his domicile to another state prior to the filing of the petition for final divorce.
The appellant, Nora Lee Prince, filed a petition for separation from bed and board from her husband, William Ross Prince, Jr. Appellant also requested custody and child support for her two minor children. The husband thereafter filed an answer to the petition and reconvened for separation from bed and board and for custody of the children. At the hearing for separation held June 20, 1977, the husband, representing himself in proper person, was successful in obtaining a judgment of separation based upon the wife’s abandonment. The court awarded custody of the children to the wife and ordered the husband to pay child support in the amount of $200 per month for each child. The husband complied with that judgment.
Sometime thereafter, the husband, who previously had lived in Calcasieu Parish with appellant for 13 years, moved to Beaumont, Texas.
On June 30, 1978, petition for final divorce was filed by appellant based upon living separate and apart for one year from the date of the judgment of separation without reconciliation. An attorney was appointed by the court to represent the non-resident husband. By supplemental and amending petition, appellant advised the court that one of the children had since reached the age of majority, but she prayed for the custody and child support in the amount of $200 per month for the remaining minor child.
All pleadings were answered by way of general denial by the court-appointed attorney. On June 28, 1978, a judgment of final divorce and child custody of the minor was granted in favor of appellant. However, the demand for child support was denied. The court held that it lacked personal jurisdiction to enforce a judgment for child support against the nonresident husband who was no longer a Louisiana domiciliary. Plaintiff appeals from that portion of the judgment which denies child support.
At the hearing on the divorce, the curator ad hoc presented evidence of the return receipts signed by the husband demonstrating that he had received in Texas copies of all pleadings sent to him by certified mail by his duly appointed attorney.
In support of its ruling denying the demand for child support based on lack of personal jurisdiction over the husband, the court below relied on LSA-C.C.P. Article 6(2). This section provides that personal jurisdiction may be based upon service of process of an attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant only when the defendant is domiciled in this state. As there was no affirmative showing that the husband was domiciled in Louisiana when the petition for final divorce was filed, the court reasoned there could be no personal jurisdiction over the husband. We disagree.
*825 Under LSA-C.C.P. Article 5091, the court may appoint an attorney to represent an absent defendant where the court already has jurisdiction over the person of the defendant. In the present case, the court clearly had personal jurisdiction over the defendant in the separation proceedings. By answering the petition for separation from bed and board, by filing a reconventional demand, by appearing in proper person at the separation proceeding and by complying with the judgment ordering child support payments, the husband clearly submitted himself to the exercise of in personam jurisdiction by the district court. LSA-C.C.P. Article 6(3).
In Imperial v. Hardy, 302 So.2d 5 (La.1974), our Supreme Court established the rule that once personal jurisdiction attaches for an award of child support, it continues for subsequent petitions to modify the award, even where the defendant moves his domicile to another state. Under this decision, the Courts of Appeal have held personal jurisdiction acquired in separation proceedings continues in subsequent divorce actions to permit continuation, reduction or increase in child support ordered in earlier separation proceedings. Heaton v. Garvin, 314 So.2d 363 (La.App. 3rd Cir. 1975); Webb v. Webb, 35 So.2d 1288 (La.App. 3rd Cir. 1978); DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2d Cir. 1977). The Webb ease, in particular, is very similar to the present matter.
The rationale of the decisions is the strong state interest in child support matters. The obligation to provide child support under LSA-C.C. Articles 227 and 229 is the same in a separation or a divorce proceeding. As the Supreme Court stated in Imperial v. Hardy, supra:
“It would be intolerable if an action once properly begun could not proceed without the continued existence of the original basis for jurisdiction. Under such a rule a litigant who had availed himself of the court’s jurisdiction at the inception of the case could avoid the entry of judgment against him by the simple expedient of withdrawing from the state.” (Citations omitted)
For the reasons assigned, that part of the judgment of the district court denying the request for payment of child support is reversed. It is now ordered that defendant pay to plaintiff the sum of $200 per month for the support of the minor child, Laura Lee Prince, payable on the first and fifteenth of each month beginning from the date of judicial demand on January 16, 1979. Otherwise, the judgment is affirmed. All costs in the trial and appellate courts are assessed against the defendant.
REVERSED IN PART AND RENDERED.