SAMUEL, Judge.
This is an appeal from a judgment maintaining a writ of habeas corpus and dismissing a rule for change of custody and child support.
In chronological order the facts are as follows:
On April 5, 1976 Judith Brining Satterlee brought suit against her husband for separation from bed and board, custody of two minor children and child support.[1] Following hearing on the rule for custody and support, plaintiff was granted custody and child support in the amount of $75 per week.[2] On June 30, 1976, plaintiff filed a rule for alimony and an increase in child support payments. Thereafter, the husband filed a supplemental and amended answer and reconventional demand for a divorce on the ground of adultery.
Several additional rules of like nature were filed by both parties[3] and, following a hearing thereon, a consent judgment was rendered on January 4, 1977 increasing the payments to $100 per week, awarding $600 for the sums past due, and dismissing the rules for contempt.
*728 On January 14, 1977 suit on the main demand was tried and judgment was rendered in favor of the husband (plaintiff in reconvention) awarding him a divorce and granting the wife permanent custody of the children[4] and $100 per week for their support.
The children remained in the mother’s custody until 1979 when she moved out of her apartment leaving a note explaining her actions to the children. She had decided to return to college and thought they would be better off with their father.
The father then took charge of the children and filed rules for change of custody and decrease in child support. These rules were personally served on the wife’s attorney of record and after several continuances, on May 25, 1979 custody of the children was granted to the husband and the previous orders in regard to support payments were set aside.
On July 18, 1979 the mother visited the children and requested permission to speak with them and take them for a ride. She did not return the children. Therefore, on August 13,1979 the husband filed a writ of habeas corpus. The wife answered the writ and alternatively requested a change of custody and child support.
The judge heard the writ and the rule simultaneously. He rendered judgment maintaining the writ and the judgment of May 25 (wherein custody was granted to the husband) and denied the wife’s rule to change custody.
In written reasons in support of his judgment the trial judge found the wife had engaged in three separate illicit relationships with three different men, one prior to the marriage and two subsequent thereto, and that she had abandoned the children to their father, leaving them alone in an empty house.
The wife has appealed from this judgment. In this court she contends: (1) The judgment changing custody is void for lack of jurisdiction; (2) alternatively, the custody rule was heard less than 24 hours after service on appellant’s attorney, and the ha-beas corpus was heard less than 2 days after service of the writ (C.C.P. Art. 3781); and (3) the evidence is contrary to the judgment.
Appellant’s first contention is based upon the fact that she did not receive personal service on the rule to change custody and that although personal service was made on an attorney who had represented her on a previous rule, he had been engaged only for that rule, and was not authorized to represent her in any other matter.
We reject this contention. Our examination of the record indicates her attorney, Stephen R. Perez, represented her at the consent judgment on August 9, 1976, filed for her a rule for contempt for arrear-age and to increase child support on October 6, 1976, represented her at the consent judgment rendered January 4, 1977, and appeared for her on January 17, 1977 when judgment was rendered granting her husband a divorce. He continued to represent her in the partition proceedings. It is thus clear Mr. Perez was plaintiff’s counsel of record and he was personally served. Service on her attorney is sufficient. See Imperial v. Hardy, La., 302 So.2d 5.
Relative to appellant’s second contention, LSA-C.C.P. Art. 3782 provides that a writ of habeas corpus shall be assigned for hearing not less than two days or more than ten days after service of the writ. Appellant was personally served and appeared on the day the matter was set, without counsel. The matter was continued until it was tried fourteen days later. Therefore, there is no merit to appellant’s second contention.
Nor do we agree with appellant’s third contention. The record amply supports the fact that appellant, by her own admission, was living with a man prior to the divorce granted to her husband on the ground of adultery. She did not appeal from that judgment. She also admitted she had been beaten by another man with whom she was living after the divorce.
*729 On the other hand, the husband has remarried, has a good home and the minors are being raised in a stable environment. The husband’s present wife, a teacher, testified she is willing to have the girls and care for them along with her own child.
We find no error in the judgment appealed from.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The husband answered denying plaintiff’s allegations of lack of affection and reconvened on the grounds of abandonment.

. Plaintiff was working at the time and did not request alimony.

.Another rule to increase by the wife, and contempt on visitation rights by the husband, and contempt filed by the wife against her husband for being $600 in arrears for child support payments.

. The husband did not request custody.