CUTRER, Judge.
The defendant-relator, Carroll E. Gowins, seeks supervisory relief from a judgment of the trial court which denied relator’s exception of jurisdiction over the person and an exception of improper pleading.
FACTS
Judith and Carroll Gowins were married in 1962. On June 23, 1980, Judith filed suit (# 109,940) for separation. This suit was later amended wherein Judith sought a divorce. On December 2, 1980, judgment was rendered granting Judith a divorce, child custody and child support. A partition of the community property was not mentioned in the pleadings nor in the judgment of divorce. In June 1981, Judith and Carroll entered into a community property settlement. The instrument makes no mention of the military retirement pay.
On February 6, 1984, Judith filed a petition in the same suit (# 109,940) seeking recognition of her alleged interest in military retirement benefits that would enure to the benefit of Carroll. Judith alleged in her petition that relator was a resident of Alabama. She asked that a curator be appointed her absentee husband. This appointment was made and service was made upon the attorney.
Relator filed exceptions of improper pleading and jurisdiction. The trial court overruled these exceptions and this supervisory proceeding resulted. We denied the writ as to the portion of the trial court judgment overruling the exception of improper pleading. The basis of that denial was that we concluded that the action for partition was a separate action, under LSA-C.C.P. art. 82, and would be treated as such even though it was filed under the same suit number as the divorce suit.
We granted the writ as to that portion of the trial court judgment overruling the exception of jurisdiction.
In its written reasons for judgment, the trial court stated as follows:

“Defendant’s exception of jurisdiction is based primarily on the fact that plaintiff alleged in her petition that exception was a resident of the State of Alabama. This Court having previously acquired jurisdiction shall retain it to hear all matters relating to the dissolution of the community. The exception of jurisdiction is therefore overruled. ”

We interpret the trial court’s reasoning to be that, once jurisdiction attached in the previous divorce proceedings, the court retained “continuing jurisdiction” over this suit for recognition of Judith’s alleged interest in Carroll’s military retirement pay.
The concept of “continuing jurisdiction” emanates from the case of Imperial v. Hardy, 302 So.2d 5 (La.1974). In that case a non-resident husband had invoked the jurisdiction of a Louisiana court in a custody proceeding. The wife, a Louisiana resident, answered and reconvened for a fixing of child support and past due child support. The wife was granted custody and child support. The non-resident husband was granted visitation privileges. Later, the wife filed a rule for an increase in child support and also sought to make executory the past due child support. The rule was served upon the attorney of record. The husband filed an exception of jurisdiction. The court held as follows:

“Jurisdiction is power, and it would be meaningless in this case if the husband could submit to the court’s jurisdiction and be cast for child support which this court could neither later modify nor enforce within its boundaries.

“Once jurisdiction attached for an award of child support, therefore, it continues for a change or modification of the award in the future. La.Civ.Code art. 157; La. Code Civ.P. art. 2592; Davis v. Davis, 238 La. 293, 115 So. 2d 355 (1959); Nelson v. McCarter, La. App., 212 So.2d 467 (1968). ”

*687 The question then arises as to whether this concept of “continuing jurisdiction” extends to separate partition suits by the wife against the non-resident husband seeking to be recognized as being entitled to an alleged interest in the husband’s military retirement pay. While we recognize that the “continuing jurisdiction” rule of Imperial is the law of this state in such a continuing family matter as child support, we conclude that this theory of jurisdiction law is not applicable to the issue at hand for the following reasons.
Prior to the ease of McCarty v. McCarty, 453 U.S. 210,101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), our courts had recognized that military retirement pay must be classified as community property when such an asset was acquired during the community. Swope v. Mitchell, 324 So.2d 461 (La.App. 3rd Cir.1975) and Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977, writ den., 347 So.2d 250 (La.1977). In McCarty, however, the Supreme Court intervened and stated that “the conflict which existed between the California community property law and the federal military retirement statutes threatened grave harm to clear and substantial interests.” The court held that federal law precludes a state court from dividing military retirement pay received by the husband.
Following McCarty, Congress enacted the “Uniformed Services Former Spouses Protection Act” in 1982 which act became effective February 1, 1983. This act had the effect of overruling McCarty by removing the federal preemption of state laws in the division of military pensions. The effect of this congressional action was to allow our state courts to render judgments which were consistent with decisions rendered prior to McCarty. When Congress eliminated the federal preemption barrier created by McCarty, by enacting 10 U.S. C.A. § 1408, it also specifically set forth the jurisdictional limitation under which a court may enter an order affecting military retirement pay. 10 U.S.C.A. 1408(c)(4) provides as follows:
“A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.” (Emphasis added.)
The court in this case could exercise jurisdiction over Carroll only if he was (1) a resident, or (2) was domiciled in the territorial jurisdiction of the court, or (3) he consented to the jurisdiction of the court. It is clear that Carroll neither resided in nor was he domiciled in the jurisdiction of the trial court at the time the instant suit was filed. Further, Carroll has not consented to the jurisdiction of the trial court. He objected to the jurisdiction by means of the exception.
This action filed by Judith is a separate action for a partition of military retirement pay brought pursuant to the provisions of 10 U.S.C.A. 1408(c)(4). Such action must comply with the explicit jurisdictional requirements of this congressional act. The consent requirement of 10 U.S.C.A. 1408(c)(4) cannot be interpreted as being consent that is invoked by virtue of the “continuing jurisdiction” doctrine of Imperial v. Hardy.
This action does not seek any “change modification” of the previous judgment of the trial court. Thus, it cannot be said that the concept of “continuing jurisdiction” applies to this case. In order for the trial court to exercise jurisdiction, Carroll would have to consent to the jurisdiction of the trial court in this proceeding. No such consent having been given, the trial court lacks jurisdiction and should have sustained the exception of jurisdiction.
For these reasons, the writ is made peremptory. The trial court judgment, overruling the exception of jurisdiction is reversed and set aside. It is ordered that the *688 exception of jurisdiction be granted and the plaintiffs suit is dismissed at her costs.
REVERSED AND DISMISSED.