HALL, Judge.
Melissa Staton and Charlie Staton were divorced in North Carolina in 1983. The last matrimonial domicile was Bossier Parish where Mr. Staton pursued a career in the Air Force. Mr. Staton moved to North Carolina prior to the divorce, and continues *1237 to reside in that state; Mrs. Staton remains a resident of Bossier Parish.
The Statons apparently made an amicable settlement of former community property. However, Mr. Staton’s Air Force retirement benefits were not included in that settlement. In February 1984, Mrs. Staton brought suit against her former husband in Bossier Parish for partition of the Air Force retirement benefits. An attorney appointed for the absentee former husband filed an exception of lack of personal jurisdiction which was sustained. This appeal resulted.
The facts of this case are quite similar to those in the recent Third Circuit case of Gowins v. Gowins, 457 So.2d 685 (La.App. 3d Cir.1984). In that case, Judith and Carroll Gowins had divorced, and had entered into a community property settlement that made no mention of military retirement pay. Mrs. Gowins later filed suit seeking recognition of her alleged interest in those benefits. Because Mr. Gowins was then a resident of Alabama, an attorney was appointed to represent him. The attorney filed exceptions of improper pleading and jurisdiction. The trial court overruled the exceptions, reasoning that with regard to jurisdiction, the court retained “continuing jurisdiction” over Mrs. Gowins’ alleged interests in the retirement pay as a result of the court’s jurisdiction over the divorce proceeding.
The Court of Appeal acknowledged that a rule of “continuing jurisdiction” applies in continuing family matters such as child support. This rule was recognized as emanating from the Louisiana Supreme Court’s decision in Imperial v. Hardy, 302 So.2d 5 (La.1974). However, the appellate court reversed the trial court’s overruling of the exception of jurisdiction, concluding that the rule of Imperial did not apply under the facts of Gowin for the following reasons:
Prior to the case of McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), our courts had recognized that military retirement pay must be classified as community property when such an asset was acquired during the community. Swope v. Mitchell, 324 So.2d 461 (La.App. 3rd Cir.1975) and Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977). In McCarty, however, the Supreme Court intervened and stated that the “conflict which existed between the California community property law and the federal military retirement statutes threatened grave harm to clear and substantial interests.” The court held that federal law precludes a state court from dividing military retirement pay received by the husband.
Following McCarty, Congress enacted the “Uniformed Services Former Spouses Protection Act” in 1982 which act became effective February 1, 1983. This act had the effect of overruling McCarty by removing the federal preemption of state laws in the division of military pensions. The effect of this congressional action was to allow our state courts to render judgments which were consistent with decisions rendered prior to McCarty. When Congress eliminated the federal preemption barrier created by McCarty, by enacting U.S.C.A. § 1408, it also specifically set forth the jurisdictional limitation under which a court may enter an order affecting military retirement pay. 10 U.S.C.A. 1408(c)(4) provides as follows:
“A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.” (Emphasis added.)
The court in this case could exercise jurisdiction over Carroll only if he was (1) a resident, or (2) was domiciled in the territorial jurisdiction of the court, or (3) he consented to the jurisdiction of the court. It is clear that Carroll neither resided in nor was he domiciled in the *1238 jurisdiction of the trial court at the time the instant suit was filed. Further, Carroll has not consented to the jurisdiction of the trial court. He objected to the jurisdiction by means of the exception.
This action filed by Judith is a separate action for a partition of military retirement pay brought pursuant to the provisions of 10 U.S.C.A. 1408(c)(4). Such action must comply with the explicit jurisdictional requirements of this congressional act. The consent requirement of 10 U.S.C.A. 1408(c)(4) cannot be interpreted as being consent that is invoked by virtue of the “continuing jurisdiction” doctrine of Imperial v. Hardy.
This action does not seek any “change modification” of the previous judgment of the trial court. Thus, it cannot be said that the concept of “continuing jurisdiction” applies to this case. In order for the trial court to exercise jurisdiction, Carroll would have to consent to the jurisdiction of the trial court in this proceeding. No such consent having been given, the trial court lacks jurisdiction and should have sustained the exception of jurisdiction.
Under the facts of the instant case, Mrs. Staton would not even have a claim of continuing jurisdiction, since the divorce was granted by a North Carolina court. Furthermore, we agree that under the federal statute cited above, a state court can only exercise jurisdiction in an action for partition of military retirement benefits if the explicit jurisdictional requirements of the federal statute are met.
Because Mr. Staton, like Mr. Gow-ins, is not a resident of Louisiana, is not domiciled in the territorial jurisdiction of the court, and has not consented to the jurisdiction of the court, the trial court lacks jurisdiction. Thus, the trial court’s sustaining of the exception of lack of jurisdiction was proper.
In accordance with the reasons set forth above, the judgment of the trial court sustaining the exception of lack of jurisdiction, and dismissing the plaintiffs suit, is affirmed at plaintiff-appellant’s costs.
AFFIRMED.