JONES, Judge.
On application of the State of Louisiana, we grant certiorari in order to consider the issue of whether the Juvenile Court has jurisdiction to entertain a reconventional demand filed against a claimant in a URE-proceeding

STATEMENT OF THE CASE

The State of New Mexico filed a URESA action, pursuant to LSA-R.S. • 13:1641 et seq., which was forwarded to Louisiana because the obligor, F. Clancy Dupepe, resides here. The original action sought to collect child support arrears in the amount of $16,010.00 due under a New Mexico order which incorporated a previous Orleans Parish Civil District Court order. Ms. Du-pepe sought the services of New Mexico Support Enforcement Services to collect the total arrears due under the CDC and New Mexico orders. No ongoing support was sought as Mr. Dupepe now has custody of the minor children. New Mexico filed a URESA action to make the foreign judgment executory and to collect the arrears.
Mr. Dupepe was served with the petition for registration of a foreign support order on October 22, 1991. He filed no motion to stay or motion to vacate within twenty days. He did subsequently, and untimely, file an answer and reconventional demand. The reconventional demand requested that the Orleans Parish Juvenile Court order Ms. Dupepe, a New Mexico resident, to pay child support. On March 13, 1993, the court heard the state’s rule for contempt and the defendant’s answer. The court held a trial on the motion which is the subject of an appeal recently filed. The state here contends that the Orleans Parish Juvenile Court does not have jurisdiction to entertain a reconventional demand against Ms. Dupepe in the present URESA case rather than filing an independent URESA action. We agree.

DISCUSSION AND LAW

The State of New Mexico was the initiating state in this URESA action. The *1144 State of Louisiana is the responding state. Pursuant to its obligations under the uniform statutes of the states, the State of New Mexico, acting on behalf of the obli-gee (Ms. Dupepe) registered the foreign support order from the New Mexico court in the Orleans Parish Juvenile Court. Per LSA-R.S. 13:1696(B), the obligor (Mr. Du-pepe) had twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief due to procedural deficiencies. According to the state, he did not act within twenty days. The registered support order was therefore confirmed. LSA-R.S. 13:1696(C) provides that, “At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. These substantive defenses include: lack of personal or subject-matter jurisdiction of the rendering court, extrinsic fraud in procurement of the judgment, satisfaction, lack of due process, or other grounds that make the judgment invalid or unenforceable.” State of Ohio v. Kline, 587 So.2d 766 (La.App. 2d Cir.1991). A recon-ventional demand is not such a substantive defense.
Because the minor children now reside with Mr. Dupepe, Ms. Dupepe may now well be considered an obligor as well as an obligee in this matter. However, she is not an obligor in the instant URESA action in Orleans Juvenile Court. Mr. Du-pepe is entitled to file a claim in Orleans Parish Juvenile Court, which that court would then have to forward to New Mexico (Ms. Dupepe’s state of residence) for enforcement. Alternatively, because personal jurisdiction is retained for purposes of modification of a support order, even if a party moves to another state, Mr. Dupepe could file for a modification of the support order in Civil District Court pursuant to long-arm jurisdiction. Prince v. Prince, 389 So.2d 823, 824 (La.App. 3d Cir.1980).
However, no basis exists for the exercise of personal jurisdiction over Ms. Dupepe, a New Mexico resident, in Orleans Parish Juvenile Court in response to this URESA action which originated in New Mexico.
Considering the above, the writ application of the State is granted and the recon-ventional demand against Ms. Dupepe is hereby dismissed.

REVERSED.